# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANTIAGO E. CARTAGENA, | : | CIVIL CASE NO. 3:03cv998(JGM) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| THAMES VALLEY WATER | : | |
| BOTTLING CO., INC. D/B/A | : | |
| MANITOCK SPRINGS | : | |
| Defendant. | : | JUNE 25, 2004 |

## PLAINTIFF'S EXHIBIT 1

PLAINTIFF'S
STATE SEAL

**126.**       **ORDINANCE AUTHORIZING THE EXPENDITURE OF MONIES FOR THE PURCHASE OF SUBSTANTIALLY ALL OF THE ASSETS AND THE BUSINESS AND ASSUMPTION OF SPECIFIC LIABILITIES OF THE MANITOCK SPRING WATER COMPANY, INCORPORATED**
**(INITIALLY APPROVED MAY 1, 2000**
**FINALLY APPROVED JUNE 5, 2000)**

**Section 1**.  A sum in the total amount not to exceed $2,419,000.00 is appropriated and authorized be expended for the purchase of substantially all of the assets including without limitation that certain real property located at 341 Boston Post Road, Waterford, Connecticut and the business and the assumption of specific liabilities of The Manitock Spring Water Company, Incorporated by Groton Acquisition Inc., a wholly-owned subsidiary of the City of Groton (the "City") all pursuant to and as set forth in an Asset Purchase Agreement by and among Groton Acquisition Inc., The Manitock Spring Water Company, Incorporated and its shareholders.

**Section 2.** The Mayor and Director of Utilities or any one of them, on behalf of the City and subject to the approval of the Utilities Commissioners, be and hereby are authorized, empowered and directed to negotiate and execute such documents as are necessary for the formation of Groton Acquisition Inc., a Connecticut stock corporation to be wholly-owned by the City and to take such other and further action as is necessary, appropriate or desirable to form said corporation, including without limitation, capitalization of the corporation and the election of directors and officers for said corporation.

**Section 3.** The Mayor and Director of Utilities or any one of them, subject to the approval of the Utilities Commissioners, be and hereby are authorized, empowered and directed to negotiate and execute, on behalf of Groton Acquisition Inc. (1) the Asset Purchase Agreement, and (2) such other agreements, instruments and documents as are necessary for the purchase of substantially all of the assets and business and assumption of specific liabilities of The Manitock Spring Water Company, Incorporated by Groton Acquisition Inc.

**Section 4.** The Utilities Commissioners shall approve the form of the Asset Purchase Agreement and all such documents as are necessary for the purchase of substantially all of the assets and business and assumption of specific liabilities of the Manitock Spring Water Company, Incorporated by Groton Acquisition Inc., and the Mayor and Director of Utilities are authorized, empowered and directed on behalf of the City and Groton Acquisition Inc., to execute and deliver all such documents as are necessary or desirable pursuant to such approvals of the Utilities Commissioners.

**Section 5.** To meet said appropriation, the Department of Utilities of the City is authorized and empowered to expend such funds as are available in the Electric Economic Development Fund Account.

**126.** **ORDINANCE AUTHORIZING THE EXPENDITURE OF MONIES FOR THE PURCHASE OF SUBSTANTIALLY ALL OF THE ASSETS AND THE BUSINESS AND ASSUMPTION OF SPECIFIC LIABILITIES OF THE MANITOCK SPRING WATER COMPANY, INCORPORATED**

**Section 6.** The Utilities Commissioners are hereby authorized, empowered and directed to approve such other instruments and documents, and to take such other and further action, as they shall deem necessary, appropriate or desirable to carry out the purpose and intent of this Ordinance and to effectuate the transactions contemplated hereby, the taking of such actions to be conclusive evidence of the necessity, appropriateness or desirability thereof.

**Section 7.** All of the actions of the Utilities Commissioners heretofore taken relating to any of the matters referred to in this Ordinance are hereby confirmed, ratified and approved in all respects.

**Section 8.** This Ordinance shall take effect June 5, 2000.

Dennis L. Popp, Mayor

Debra Patrick, City Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANTIAGO E. CARTAGENA, | : | CIVIL CASE NO. 3:03cv998(JGM) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| THAMES VALLEY WATER | : | |
| BOTTLING CO., INC. D/B/A | : | |
| MANITOCK SPRINGS | : | |
| Defendant. | : | JUNE 25, 2004 |

### PLAINTIFF'S EXHIBIT 2

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANTIAGO E. CARTAGENA, | : | CIVIL CASE NO. 3:03cv998(JGM) |
|     Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| THAMES VALLEY WATER | : | |
| BOTTLING CO., INC. D/B/A | : | |
| MANITOCK SPRINGS | : | |
|     Defendant. | : | JUNE 25, 2004 |

## PLAINTIFF'S EXHIBIT 3

# GROTON UTILITIES COMMISSION

Meetings are scheduled to be held on the following dates at 10:00 a.m.:  January 28, 2004; February 25, 2004; March 2; April 28, 2004; May 26, 2004; June 28, 2004; July 28, 2004; August 25, 2004; September 22, 2004; October 27, 2004; November 23, 2004 and December 22, 2004.

**AUTHORITY:**   City Charter Article V, Section 9, Mayor and 4 regular members.  Term:  4 years.
**Appt. by:**   Mayor with approval of Council.

**Exp. Date**:

| | | | |
|---|---|---|---|
| 5/9/05 | Chairperson Dennis L. Popp | 445-2537 | D |
| 5/31/03 | Jay S. Buckley Jr., 16 Birch Lane | 445-4674 | R |
| 5/31/05 | Terry H. Eames, 41 Pine Island Road | 445-2290 | D |
| 5/31/04 | Richard J. Stark, 26 Plant Street | 445-2922 | R |
| 5/31/06 | Julio H. Leandri, 334 Tyler Avenue | 449-1107 | U |

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANTIAGO E. CARTAGENA, | : | CIVIL CASE NO. 3:03cv998(JGM) |
|     Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| THAMES VALLEY WATER | : | |
| BOTTLING CO., INC. D/B/A | : | |
| MANITOCK SPRINGS | : | |
|     Defendant. | : | JUNE 25, 2004 |

### PLAINTIFF'S EXHIBIT 4

Case 3:03-cv-00998-JGM    Document 22-2    Filed 06/25/2004    Page 8 of 24

PLAINTIFF'S
EXHIBIT
4
ALL-STATE LEGAL

## Thomas W. Bucci

**From:** Thomas W. Bucci [thomasbucci@earthlink.net]
**Sent:** Thursday, June 10, 2004 9:02 PM
**To:** Thomas W. Bucci
**Subject:** Groton Utilities - Home About Us



Welcome! | *About Us* | Directions/Maps | Community Involvement | Products | Statement



### Search

Enter search term and click Go

### Contact Information

(860) 446-4000
fax: (860) 446-4098
**E-Mail Us**

295 Meridian Street
Groton, CT 06340

### Conservation Tip



*Use a bucket of water and a spray head on the hose to wash your car. A running hose can waste over 100 gallons of water in the time it takes to wash the car.*

▶ *More Water Tips*

*In This Section:*
**Mission Statement, Our Story, Our History, Our Future**

# About Us

## Mission Statement

Our Mission is to be the Premier Utility Service Provider in the Northeast.

## Our Story

Groton Utilities is a municipally owned and operated utility providing both electric and water services. We serve a population of more than 35,000 consumers in Southeastern Connecticut. We are a public power community and pride ourselves on our high level of customer service at the lowest possible cost.

Our service area includes an important part of the region's military-industrial complex, including Pfizer, a worldwide leader in pharmaceutical products and research; Electric Boat Corporation, builder of the world's best nuclear submarines; and the U.S. Naval Submarine Base, home of the finest submariners, submarine schools and the Seabees.

**FAQ**

**Q.** *I have a question, can I just ask someone on the phone?*

**A.** *Absolutely. Our Customer Care staff can help you with any service-related questions. Just call us at 446-4000.*

▶ *More Questions*

## Our History

The City of Groton is a residential community which developed on the east bank of the Thames River, locally called the "Groton Bank". It became the Borough of Groton by an act of the legislature at the turn of the 20th century. The charter creating a new government provided for a Department of Utilities. The proceeds of a bond sale by the Borough were used to purchase the Groton Electric Lighting Company, established in the early 1890s to provide lighting

for the main streets of the Groton Bank, and Groton Water Company, also established in the early 1890s to supply water to Groton and a large New York, New Haven, and Hartford railroad facility located in the Poquonnock Bridge area.

## Our Future

Both the state and federal governments have passed legislation to permit municipal utilities to enter the telecommunications business. "We at Groton Utilities are excited about the possibility of serving our customers with this new wave of technology," Chisholm says. "We are finalizing our marketing plans and will be offering our customers one or more selections from a menu of Cable TV and Internet services."

"Many of our customers—large and small—have a major commitment to high-speed data transmission. This is an area where we believe we can offer a valuable service. Our residential customers also have an increasing and intense interest in Internet services," he says.

"We are determined and committed to provide our customers with as many value added services as possible," Chisholm emphasizes.

GROTON UTILITIES    At Your Service!    Copyright © 2002 Groton Utilities    ▲ Top

**avast! Antivirus:** Outbound message clean.

Virus Database (VPS): 0424-2, 06/09/2004
Tested on: 6/10/2004 9:16:56 PM
avast! is copyright (c) 2000-2003 ALWIL Software.

--
Incoming mail is certified Virus Free.
Checked by AVG Anti-Virus (http://www.grisoft.com).
Version: 7.0.251 / Virus Database: 263.2.0 - Release Date: 6/10/2004

6/11/2004

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANTIAGO E. CARTAGENA, | : | CIVIL CASE NO. 3:03cv998(JGM) |
|     Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| THAMES VALLEY WATER | : | |
| BOTTLING CO., INC. D/B/A | : | |
| MANITOCK SPRINGS | : | |
|     Defendant. | : | JUNE 25, 2004 |

## PLAINTIFF'S EXHIBIT 5

PLAINTIFF'S
EXHIBIT
5
ALL-STATE LEGAL

## Thomas W. Bucci

**From:**    Thomas W. Bucci [thomasbucci@earthlink.net]
**Sent:**    Thursday, June 10, 2004 9:24 PM
**To:**      Thomas W. Bucci
**Subject:**  WTNH.com - Groton to buy bottled water company



June 10, 2004

Home
News
Weather
TrafficCam 8
Sports
Health
Entertainment
Community Events
What's On WTNH
What's on WCTX
Contests
Online Guides
Senior Living
Contact Us

WTNH Search
[_____] GO

**Groton to buy bottled water company**

Email to a Friend        Printer Friendly Version



- Live Doppler
- Forecast
- 8-Day Forecast
- Local WeatherNet
- School Closings
- Weather Bug



**2004 Summer Fun Guide**
Trying to find this summers best dining and entertainment? Looking for a great daytrip with the kids? Are you just looking for a place to stay cool?

(Waterford-WTNH, June 6, 2000 ) _ It's an unusual venture, but the City of Groton is getting into the bottled water business. The municipality is buying the privately-owned Manitock Spring Water Company, based in Waterford. It's a deal that may quench the city's thirst for new revenue.

- News Channel 8's Peter Standring reports.

The folks at Manitock have been at it for more than 80 years: tapping and bottling high quality spring water. Now this successful family-run business is being sold.

Bruce Tuthill, Manitock Spring Water: "We're very happy. The spring stays open, our employees have jobs, and Manitock will live on in the area, so we're very happy."

So are folks in the City of Groton. You see they're the ones who are buying this well-established spring water company.

Under the deal the city will form a stock corporation and will set aside $2.5 million to buy this place. It'll continue to operate as usual only it'll be run by Groton utilities. It's an unusual venture, but according to city officials it makes a lot of financial sense they say by generating much-needed revenue.

Mayor Dennis Popp, (D) Groton: "It's a money maker now and it'll

continue to make money."
Peter: "Money that will go into the city's coffers?"
"Into the city's coffers and offset taxes."

Of course, for residents anything that can off-set taxes is going to be pretty easy to swallow.

Mary Young, Groton: "Absolutely. Nothing wrong with that. It'll help the city take care of the needs that it has."

Helen Martin, Groton: "I think it's a pretty good idea, a good deal if the town will be able to realize a profit on it."

It should. The bottled water market is booming. Manitock alone churns-out 1,300 five-gallon containers a day and thousands of smaller bottles.

Tuthill: "The growth in this business is substantial. Nationally it's 12 percent a year. Water is now becoming like it is in Europe, on every table in Europe and it'll be on every table in America."

That means good things for Manitock and now of course for City of Groton as well. After breaking even the first two-years, Groton officials expect to turn a tidy $300,000 profit in the third year. The deal is expected to be finalized Wednesday.

**WORLDNOW**   Content © Copyright 2000 - 2004 WorldNow, WTNH, and Associated Press. All Rights Reserved. This material may not be published, broadcast, rewritten, or redistributed. For more information on this site, please read our Privacy Policy and Terms of Service.

avast! Antivirus: Outbound message clean.

Virus Database (VPS): 0424-2, 06/09/2004
Tested on: 6/10/2004 9:24:39 PM
avast! is copyright (c) 2000-2003 ALWIL Software.

--

Incoming mail is certified Virus Free.

6/11/2004

Checked by AVG Anti-Virus (http://www.grisoft.com).
Version: 7.0.251 / Virus Database: 263.2.0 - Release Date: 6/10/2004

6/11/2004

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANTIAGO E. CARTAGENA, | : | CIVIL CASE NO. 3:03cv998(JGM) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| THAMES VALLEY WATER | : | |
| BOTTLING CO., INC. D/B/A | : | |
| MANITOCK SPRINGS | : | |
| Defendant. | : | JUNE 25, 2004 |

## PLAINTIFF'S EXHIBIT 6

PLAINTIFF'S
EXHIBIT

6

## Thomas W. Bucci

**From:** Thomas W. Bucci [thomasbucci@earthlink.net]
**Sent:** Thursday, June 10, 2004 9:21 PM
**To:** Thomas W. Bucci
**Subject:** FIC2000-268

## FREEDOM OF INFORMATION COMMISSION
## OF THE STATE OF CONNECTICUT

| | |
|---|---|
| In the Matter of a Complaint by | FINAL DECISION |
| Michael Costanza and The Day, | |
| Complainant | |
| against | Docket #FIC 2000-268 |
| Director of Utilities, Utilities Department, City of Groton; and Mayor, City of Groton, | |
| Respondent | April 25, 2001 |

     The above-captioned matter was heard as a contested case on October 2, 2000, at which time the complainants and the respondents appeared, stipulated to certain facts and presented testimony, exhibits and argument on the complaint.

     After consideration of the entire record, the following facts are found and conclusions of law are reached:

    1. The respondents are public agencies within the meaning of §1-200(1), G.S.

    2. By letter dated May 17, 2000 the complainants made a request to the respondents to inspect the sales agreement and all related documents pertaining to Groton Utilities' acquisition of Manitock Spring Water Co., Inc. of Waterford.

    3. By letter dated May 23, 2000, the respondents' counsel responded to the complainants' request and informed them that the City of Groton Department of Utilities was not purchasing the Manitock Spring Water Company, Inc., but that the corporation known as Groton Acquisition, Inc., which is wholly owned by the City of Groton, was under contract to purchase the Manitock Spring Water Company. The respondents' counsel also informed the complainants that the asset purchase agreement and related schedules and exhibits are exempt from disclosure pursuant to §1-210(b)(5), G.S.

6/11/2004

4. By letter dated May 30, 2000 and filed on June 1, 2000, the complainants appealed to this Commission alleging that the respondents violated the Freedom of Information ("FOI") Act by failing to provide the complainants with the requested records.

5. Section 1-210(a), G.S., provides in relevant part that:

> [e]xcept as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours . . . .

6. It is found that the requested records are public records within the meaning of §1-210(a), G.S.

7. It is found that on June 5, 2000, the respondents provided the complainants with copies of the requested records, which did not include, however, the employee records, the customer list, the accounts receivable list, and the financial statements of the Manitock Spring Water Company.

8. At the hearing on this matter, the respondents made the following claims regarding the withheld records:

     a.    that the list of employees and an employment agreement are exempt from disclosure pursuant to §1-210(b)(2), G.S;

     b.    that the assumed contracts with third parties, a list of receivables from third parties, the closing documents index, including references to employment agreement, and the customer list are exempt from disclosure pursuant to §1-210(b)(5), G.S.; and

     c.    that the 1999 Tax Return of Manitock and its March 2000 financial statements are exempt from disclosure pursuant to §1-210(b)(10), G.S.

The respondents submitted the withheld records to the Commission for in-camera inspection, which records have been identified as in-camera document #s 2000-268-001 through 2000-268-164, inclusive.

9. With respect to the records described in paragraph 8 above, §1-210(b)(2), G.S., provides in relevant part that nothing in the FOI Act shall be construed to require disclosure of "personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy . . . ."

6/11/2004

10. In Perkins v. Freedom of Information Commission, 228 Conn. 158, 175 (1993), the Supreme Court set forth the test for the exemption contained in §1-210(b)(2), G.S. The claimant must first establish that the files in question are personnel, medical or similar files. Second, the claimant must show that disclosure of the records would constitute an invasion of personal privacy. In determining whether disclosure would constitute an invasion of personal privacy, the claimant must establish both of two elements; first, that the information sought does not pertain to legitimate matters of public concern, and second, that such information is highly offensive to a reasonable person.

11. It is found that the records described in paragraph 8a, above, constitute personnel or similar files within the meaning of §1-210(b)(2), G.S.

12. It is also found that the information contained in the requested records does pertain to legitimate matters of public concern, including the public's ability to evaluate the terms of the employment agreement.

13. It is also found that disclosure of the information contained in the requested records would not be highly offensive to a reasonable person.

14. Consequently, it is concluded that the records described in paragraph 8a, above, are not exempt pursuant to §1-210(b)(2), G.S., and are subject to mandatory disclosure pursuant to §1-210(a), G.S.

15. With respect to the requested records described in paragraph 8b, above, Section 1-210(b)(5), G.S., provides in relevant part that nothing in the FOI Act shall be construed to required disclosure of:

(A) trade secrets, which for purposes of the Freedom of Information Act, are defined as information, including formulas, patterns, compilations, programs, devices, methods, techniques, processes, drawings, cost data, or customer lists that (i) derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) are the subject of efforts that are reasonable under the circumstances to maintain secrecy; and

(B) commercial or financial information given in confidence, not required by statute.

16. It is found that the contracts with third parties, and the list of receivables from third parties constitute commercial or financial information within the meaning of §1-210(b)(5)(B), G.S., and that such information was given to the respondents in confidence and was not required by statute.

6/11/2004

17. It is concluded therefore that the records described in paragraph 16, above, are permissibly exempt from disclosure pursuant to §1-210(b)(5)(B), G.S.

18. It is found that the customer list constitutes a trade secret within the meaning of §1-210(b)(5)(A), G.S., and that such list is therefore permissibly exempt from disclosure pursuant thereto.

19. It is found that the closing documents index, including the references to the employment agreement, although given in confidence, does not constitute a trade secret or commercial or financial information within the meaning of §1-210(b)(5), G.S.

20. Consequently, it is concluded that closing documents index, including the references to the employment agreement, is not exempt from mandatory disclosure pursuant to §1-210(b)(5), G.S.

21. With respect to the records described in paragraph 8c, above, §1-210(b)(10), G.S., provides in relevant part that nothing in the FOI Act shall be construed to require disclosure of "records, tax returns, reports and statements exempted by federal law or state statutes or communications privileged by the attorney client relationship . . . ."

22. It is found that 1999 Tax Return of Manitock and its March 2000 financial statements together constitute the tax return of the Manitock Spring Water Company within meaning of §1-210(b)(10), G.S., and are exempt from disclosure pursuant to thereto.

23. It is concluded that, based on the foregoing, the respondents violated the disclosure provisions of §1-210(a), G.S., by failing to provide the complainants with access to inspect the list of employees, the employment agreement, and the closing documents index.

The following order by the Commission is hereby recommended on the basis of the record concerning the above-captioned complaint.

1.   The respondents shall forthwith provide the complainants with access to the records described as the list of employees, the employment agreement, and the closing documents.

6/11/2004

2.   In complying with the order in paragraph 1, above, the respondents may redact the social security numbers and the payroll deduction and tax information found on the list of employees, in keeping with Commission precedent.

Approved by Order of the Freedom of Information Commission at its regular meeting of April 25, 2001.

_____

Petrea A. Jones

Acting Clerk of the Commission

6/11/2004

PURSUANT TO SECTION 4-180(c), G.S., THE FOLLOWING ARE THE NAMES OF EACH PARTY AND THE MOST RECENT MAILING ADDRESS, PROVIDED TO THE FREEDOM OF INFORMATION COMMISSION, OF THE PARTIES OR THEIR AUTHORIZED REPRESENTATIVE.

THE PARTIES TO THIS CONTESTED CASE ARE:

Michael Costanza and The Day

c/o Gladys Alcedo, Staff Reporter

The Day

PO Box 1231

New London, CT 06320


Director of Utilities, Utilities

Department, City of Groton; and

Mayor, City of Groton

c/o Richard J. Pascal, Esq.

O'Brien, Shafner, Stuart, Kelly & Morris, PC

138 Main Street, PO Box 310

Norwich, CT 06360

_____

Petrea A. Jones

Acting Clerk of the Commission

6/11/2004

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SANTIAGO E. CARTAGENA,                 :        CIVIL CASE NO. 3:03cv998(JGM)
      Plaintiff,                      :
                         :
VS.                                    :
                         :
THAMES VALLEY WATER                    :
BOTTLING CO., INC. D/B/A               :
MANITOCK SPRINGS                       :
      Defendant.                      :        JUNE 25, 2004

## PLAINTIFF'S EXHIBIT 7

64

RESOLUTION AUTHORIZING THE DIRECTOR OF UTILITIES TO ENTER INTO CONTRACTS TO PURCHASE CIS
(UTILITY BILLING) SOFTWARE FROM HARRIS COMPUTER OF OTTAWA, CANADA, AND TO PURCHASE
FINANCIAL SOFTWARE FROM SPRINGBROOK SOFTWARE OF PORTLAND, OREGON IN AN AMOUNT NOT TO
EXCEED $550,000.00 TO BE PAID FROM A PORTION OF THE PROCEEDS RECEIVED FROM THE SALE OF
MANITOCK
(APPROVED FEBRUARY 2, 2004)

PLAINTIFF'S
EXHIBIT
7
ALL-STATE LEGAL®

R-04-2-04

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SANTIAGO E. CARTAGENA,         :     CIVIL CASE NO. 3:03cv998(JGM)
       Plaintiff,                 :
                              :
VS.                           :
                              :
THAMES VALLEY WATER       :
BOTTLING CO., INC. D/B/A       :
MANITOCK SPRINGS           :
       Defendant.               :     JUNE 25, 2004

## PLAINTIFF'S EXHIBIT 8

RESOLUTION THAT THE MAYOR AND COUNCIL APPROVE THE DECLARATION OF THE MANITOCK SPRING WATER COMPANY REAL ESTATE LOCATED AT 343 BOSTON POST ROAD, WATERFORD, CONNECTICUT, AS SURPLUS TO THE NEEDS OF THE CITY OF GROTON, AND PURSUANT TO CONNECTICUT GENERAL STATUTES 8-24, REFER THIS RESOLUTION TO THE PLANNING AND ZONING COMMISSION, AND FURTHERMORE, THAT THE DIRECTOR OF GROTON UTILITIES IS HEREBY AUTHORIZED TO LIST THE PROPERTY FOR SALE WITH A STATE OF CONNECTICUT LICENSED REAL ESTATE BROKER WITH THE PROVISION THAT THE CITY OF GROTON RESERVES THE RIGHT TO REJECT ANY AND ALL OFFERS (APPROVED FEBRUARY 2, 2004)

PLAINTIFF'S
EXHIBIT
8
ALL-STATE LEGAL®

R - 04 - 2 - 40