# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANTIAGO E. CARTAGENA,<br>    Plaintiff, | :  CIVIL CASE NO. 3:03cv998(JGM)<br>:<br>: |
| VS. | :<br>: |
| THAMES VALLEY WATER<br>BOTTLING CO., INC. D/B/A<br>MANITOCK SPRINGS<br>    Defendant. | :<br>:<br>:<br>:  JUNE 25, 2004 |

## PLAINTIFF'S EXHIBIT 9

|   |   |   |
|---|---|---|
|   |   | COST OF $202,000.00 TO BE PAID FROM THE ECONOMIC DEVELOPMENT FUND AND THAT MAYOR DENNIS L. POPP BE AUTHORIZED TO EXECUTE THE AGREEMENT<br>(APPROVED OCTOBER 8, 2003) |
|   | **OCTOBER 20, 2003** | |
|   | R-03-10-73 | RESOLUTION APPROVING THE TRANSFER OF FUNDS FROM CONTINGENCY TO POLICE OUTSIDE CHARGES<br>(APPROVED OCTOBER 20, 2003) |
|   | R-03-10-74 | RESOLUTION THAT THE CITY COUNCIL AUTHORIZE MAYOR DENNIS L POPP TO ENTER INTO A MODIFICATION OF MUTUAL POLICE ASSISTANCE AGREEMENT WITH THE TOWN OF GROTON AND EXECUTE SAID AGREEMENT (APPROVED OCTOBER 20, 2003) |
| √ | **OCTOBER 27, 2003** | |
| √ | R-03-10-75 | RESOLUTION THAT THE MAYOR AND COUNCIL SCHEDULE A SPECIAL FREEMAN'S MEETING ON MONDAY, NOVEMBER 3, 2003 AT 7:00 P.M. IN THE CITY OF GROTON MUNICIPAL BUILDING COUNCIL CHAMBERS CONCERNING THE SALE OF MANITOCK SPRING WATER COMPANY<br>(APPROVED OCTOBER 27, 2003) |
| √ | **SPECIAL FREEMAN'S MEETING NOVEMBER 3, 2003** | |
|   | R-03-11-76 | RESOLUTION TO APPROVE THE SLAE OF THE MANITOCK SPRING WATER COMPANY<br>(APPROVED NOVEMBER 3, 2003) |



PLAINTIFF'S EXHIBIT 9

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANTIAGO E. CARTAGENA,<br>    Plaintiff, | : | CIVIL CASE NO. 3:03cv998(JGM) |
| | : | |
| VS. | : | |
| | : | |
| THAMES VALLEY WATER<br>BOTTLING CO., INC. D/B/A<br>MANITOCK SPRINGS | : | |
|     Defendant. | : | JUNE 25, 2004 |

**<u>PLAINTIFF'S EXHIBIT 10</u>**

```
SS15                     CONCORD                06/24/2004
              DISPLAY NAME CHANGE HISTORY       08:54:05
    1 OF  1
              THAMES VALLEY WATER BOTTLING COMPANY

 BUSINESS ID:   0647814
 OLD NAME                              FILING NBR   DATE
 GROTON ACQUISITION INC.               0002119388 JUN 07 2000



 PF: 1-HELP  3-END  12-MENU
```

**PLAINTIFF'S EXHIBIT 10**



# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

SANTIAGO E. CARTAGENA,          :       CIVIL CASE NO. 3:03cv998(JGM)
    Plaintiff,                  :
                                :
VS.                             :
                                :
THAMES VALLEY WATER             :
BOTTLING CO., INC. D/B/A        :
MANITOCK SPRINGS                :
    Defendant.                  :       JUNE 25, 2004

## PLAINTIFF'S EXHIBIT 11


PLAINTIFF'S EXHIBIT 11

CITY OF GROTON
CONNECTICUT
CHARTER
EFFECTIVE MAY 4, 1987

## CITY OF GROTON CHARTER

**Section 2 – (General Grant of Powers)**
All citizens of this state dwelling within the territorial limits described in section one shall be a body politic and corporate by the name of the City of Groton; and by such name they and their successors shall have perpetual succession and be capable in law of suing and being sued, of pleading and being impleaded in all suits of any nature, and of purchasing, holding and conveying any estate, real or personal, and may have a common seal and alter or change the same at pleasure, and shall be and remain absolutely vested with the title to and improvements of all the lands, tenements, hereditaments, rights and estates which, since the original incorporation of said city, have to become vested in said city, and of which said city has never been lawfully divested hitherto, and shall have all the inherent powers generally conferred upon a city by the statues of this state.

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANTIAGO E. CARTAGENA, | : | CIVIL CASE NO. 3:03cv998(JGM) |
|     Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| THAMES VALLEY WATER | : | |
| BOTTLING CO., INC. D/B/A | : | |
| MANITOCK SPRINGS | : | |
|     Defendant. | : | JUNE 25, 2004 |

## PLAINTIFF'S EXHIBIT 12




PLAINTIFF'S EXHIBIT 12

**Substitute House Bill No. 6944**

**Public Act No. 99-188**

*An Act Concerning the Sale of Bottled Water, Authorizing Municipalities to Operate Sports Franchises, Enlarging the Franchise Area of the Waterworks System of the City of Groton and Concerning Regulations on Automatic Fire Extinguishing Systems.*

Be it enacted by the Senate and House of Representatives in General Assembly convened:

Section 1. (NEW) (a) Any water company, as defined in section 25-32a of the general statutes, may engage in the sale of bottled water or establish an entity under chapter 601 of the general statutes for the purpose of engaging in the sale of bottled water within or outside of its franchise area. The costs and expenses of a water company associated with the sale of bottled water shall be exclusive of the costs and expenses associated with the establishment of rates and charges for the use of the waterworks system pursuant to section 7-239 of the general statutes, as amended by section 2 of this act.

(b) Any municipality may exercise the authority provided for in subsection (a) of this section notwithstanding the provisions of any special act, municipal charter or home rule ordinance. A municipality shall establish such entity upon approval of the chief executive officer of the municipality and by adoption of an ordinance approved by a vote of two-thirds of the members present at a meeting of the legislative body of the municipality or the board of selectmen or city or town council, in the case of a municipality in which the legislative body is a town meeting.

Sec. 2. Subsection (a) of section 7-239 of the general statutes is repealed and the following is substituted in lieu thereof:

(a) The legislative body shall establish just and equitable rates or charges for the use of the waterworks system authorized herein, to be paid by the owner of each lot or building which is connected with and uses such system, and may change such rates or charges from time to time. Such rates or charges shall be sufficient in each year for the payment of the expense of operation, repair, replacements and maintenance of such system and for the payment of the sums herein required to be paid into the sinking fund. No such rate or charge shall be established until after a public hearing at which all the users of the waterworks system and the owners of property served or to be served and others interested shall have an opportunity to be heard concerning such proposed rate or charge. Notice of such hearing shall be given, at least ten days before the date set therefor, in a newspaper having a circulation in such municipality. Such notice shall set forth a schedule of rates or charges, and a copy of the schedule of rates or charges established shall be kept on file in the office of the legislative body and in the office of the clerk of the municipality, and shall be open

to inspection by the public. The rates or charges so established for any class of users or property served shall be extended to cover any additional premises thereafter served which are within the same class, without the necessity of a hearing thereon. Any change in such rates or charges may be made in the same manner in which they were established, provided, if any change is made substantially pro rata as to all classes of service, no hearing shall be required. The provisions of this section shall not apply to the sale of bottled water.

Sec. 3. Subparagraph (C) of subdivision (4) of subsection (c) of section 7-148 of the general statutes is repealed and the following is substituted in lieu thereof:

(C) Provide for entertainment, amusements, concerts, celebrations and cultural activities, including the direct or indirect purchase, ownership and operation of the assets of one or more sports franchises.

Sec. 4. Notwithstanding the provisions of number 429 of the special acts of 1903, the city of Groton's franchise area shall be enlarged to include only the franchise jurisdiction for any waterworks system or portion thereof sold or transferred to the city of Groton. The franchise jurisdiction of the acquired waterworks system shall be reduced to exclude only the system or portion thereof sold or transferred to the city of Groton. The city of Groton may not acquire any waterworks system or portion thereof located outside of the Groton corporate limits by exercise of the authority provided in section 25-42 or 48-6 of the general statutes or by any other eminent domain procedure authorized pursuant to the general statutes. The city of Groton may acquire any waterworks system pursuant to this section only if (1) approved by the mayor of the city of Groton; (2) approved by a two-thirds vote of the city council of the city of Groton; and (3) the owner or owners of the waterworks system that is to be acquired are willing to sell or transfer all or part of their system to the city of Groton. The city of Groton may sell or otherwise furnish water or enter into contracts for management services with any water system, water company or transient noncommunity water system located outside of the city of Groton's franchise area. Such acquisitions, transfers, sales or services shall be subject to any and all state agency regulatory approvals.

Sec. 5. Section 19a-37a of the general statutes is repealed and the following is substituted in lieu thereof:

(a) The Commissioner of Public Health shall adopt regulations in accordance with the provisions of chapter 54 establishing standards to prevent contamination of public water supplies which may result from the installation of automatic fire extinguishing systems in any building served by a public water system as defined in subsection (a) of section 25-33d. Such regulations shall: [also] (1) Delete the requirement for a reduced pressure principle backflow preventer (RPD) on fire sprinkler systems with siamese connections unless chemicals are added to such systems; (2) require owners to install a doublecheck valve assembly (DCVA) on fire sprinkler systems with siamese connections unless chemicals are added to such systems; (3) allow owners to install an RPD instead of a DCVA on fire sprinkler systems with siamese connections; and (4) provide that any person engaged in the installation of an automatic fire extinguishing system shall notify the water company servicing the building of such installation, and shall be subject to all applicable rules and regulations of such water company.

(b) The commissioner shall adopt regulations in accordance with the provisions of chapter 54 providing for a civil penalty of not more than two thousand dollars if a required device is not installed on existing systems by July 1, 1999, or if the required device is not installed on new systems after the effective date of this act.

Sec. 6. This act shall take effect from its passage, except that sections 1 and 2 shall take effect October 1, 1999.

Approved June 23, 1999

TOP

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANTIAGO E. CARTAGENA, | : | CIVIL CASE NO. 3:03cv998(JGM) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| THAMES VALLEY WATER | : | |
| BOTTLING CO., INC. D/B/A | : | |
| MANITOCK SPRINGS | : | |
| Defendant. | : | JUNE 25, 2004 |

### PLAINTIFF'S EXHIBIT 13

# REPORT ON BILLS FAVORABLY REPORTED BY COMMITTEE

**COMMITTEE:**   Planning and Development Committee

**File No.:**
**Bill No.:** HB-6944
**PH Date:** 03/05/99
**Action/Date:** 3/12/99 JFS
**Reference Change:** Public Health

PLAINTIFF'S EXHIBIT 13

**TITLE OF BILL:**

AN ACT CONCERNING THE SALE OF BOTTLED WATER BY WATER COMPANIES.

**SPONSORS OF BILL:**

Planning and Development

**REASONS FOR BILL:**

Currently, water companies that provide water service are not permitted to operate a separate bottled water service. This bill would enable any water company to offer bottled water service, separate from its duties as a water company.

**RESPONSE FROM ADMINISTRATION/AGENCY:**

None.

**NATURE AND SOURCES OF SUPPORT:**

**Alexander B. Chisolm, Director of Utilities, Groton Utilities.** *(written and live testimony).* This bill allows Groton to create a separate corporate structure to operate a bottled water business. The earnings from this business would provide the City of Groton with additional revenue, which would enable the City to upgrade facilities without burdening rate payers. A concert raised was that this legislation should be enable all water companies to offer bottled water service. This was addressed in the substitute language, LCO #4990.

**Representative Lenny T. Winkler, 41st District.** *(written testimony).* HB 6944 is a pro-consumer measure. Currently, Groton residents who use bottled water are at the mercy of a monopoly. This legislation would effectively end the monopoly and give consumers a choice.

**NATURE AND SOURCES OF OPPOSITION:**

None.

Kate Robinson        3/23/99

Reported by          Date

Case 3:03-cv-00998-JCM Document 22-3 Filed 06/25/2004 Page 14 of 14

PLAINTIFF'S
EXHIBIT
14

Fiscal Note | Bill Analysis



General Assembly

**January Session, 1999**

**File No. 504**

Substitute House Bill No. 6944

*House of Representatives, April 29, 1999*

The Committee on Public Health reported through REP. EBERLE of the 15th Dist., Chairperson of the Committee on the part of the House, that the substitute bill ought to pass.

### An Act Concerning the Sale of Bottled Water by Water Companies.

Be it enacted by the Senate and House of Representatives in General Assembly convened:

Section 1. (NEW) (a) Any water company, as defined in section 25-32a of the general statutes, may establish an entity under chapter 601 of the general statutes for the purpose of engaging in the sale of bottled water. A water company shall not use the revenues, expenses, costs, assets, liabilities or other resources derived from or associated from the sale of water to subsidize the entity.
(b) Any municipality may exercise the authority provided for in subsection (a) of this section notwithstanding the provisions of any special act, municipal charter or home rule ordinance. A municipality shall establish such entity upon approval of the chief executive officer of the municipality and by adoption of an ordinance approved by a vote of two-thirds of the members present at a meeting of the legislative body of the municipality or the board of selectmen, in the case of a municipality in which the legislative body is a town meeting.
Sec. 2. Subsection (a) of section 7-239 of the general statutes is repealed and the following is substituted in lieu thereof:
(a) The legislative body shall establish just and equitable rates or charges for the use of the waterworks system authorized herein, to be paid by the owner of each lot or building which is connected with and uses such system, and may change such rates or charges from time to time. Such rates or charges shall be sufficient in each year for the payment of the expense of operation, repair, replacements and maintenance of such system and for the payment of the sums herein required to be paid into the sinking fund. No such rate or charge shall be established until after a public hearing at which all the users of the waterworks system and the owners of property served or to be served and others interested shall have an opportunity to be heard concerning such proposed rate or charge. Notice of such hearing shall be given, at least ten days before the date set therefor, in a newspaper having a circulation in such municipality. Such notice shall set forth a schedule of rates or charges, and a copy of the schedule of rates or charges established shall be kept on file in the office of the legislative body and in the office of the clerk of the municipality, and shall be open to inspection by the public. The rates or charges so established for any class of users or property served shall