UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANTIAGO E. CARTAGENA, | : | CIVIL CASE NO. 3:03cv998(JGM) |
|     Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| THAMES VALLEY WATER | : | |
| BOTTLING CO., INC. D/B/A | : | |
| MANITOCK SPRINGS | : | |
|     Defendant. | : | JUNE 25, 2004 |

## LOCAL RULE 56(a)2 STATEMENT

**A. Material Facts Asserted by the Defendant**

1. Admit.

2. Deny. See *Exhibit 1*. The City of Groton by ordinance authorized "[a] sum in the total amount not to exceed $2,419,000.00"... "to be expended for the purchase of substantially all of the assets including without limitation that certain real property located at 341 Boston Post Road, Waterford, Connecticut and the business and the assumption of specific liabilities of The Manitock Spring Water Company, Incorporated by Groton Acquisition Inc., a wholly owned subsidiary of the City of Groton..." The defendant gratuitously claims that the corporation formed by the City of Groton to purchase a water company with city funds is a private corporation. This is a legal conclusion that is unsupported by the overwhelming facts surrounding the creation of Groton Acquisition Inc. Not only were public funds used to purchase the water company, but the Board of

Directors of Groton Acquisition Inc. is comprised of three public officials of the City of Groton; Dennis Popp, the City's Mayor, Julio Leandri, a member of Groton Utilities, a public agency of the City of Groton, and Glenn Wilson, the executive director of Groton Utilities. See *Exhibit 2* (Listing of the members of the Board of Directors of Groton Acquisition Inc. with the Secretary of the State of Connecticut). See *Exhibit 3* (Listing of the members of the Groton Utilities Commission). Groton Utilities "is a municipally owned and operated utility providing both electric and water services...The charter creating a new government provided for a Department of Utilities..." See *Exhibit 4* (Groton Utilities web page describing its history). See also *Exhibit 5* (News article from WTNH, dated June 6, 2000) ("It's an unusual venture, but the City of Groton is getting into the bottled water business. The municipality is buying the privately owned Manitock Spring Water Company...Under the deal the city will form a stock corporation and will set aside $2.5 million to buy this place. It'll continue to operate as usual only it'll be run by Groton Utilities. It's an unusual venture, but according to city officials it makes a lot of financial sense by generating much-needed revenue."). See also *Exhibit 6* (Ruling of the State of Connecticut Freedom of Information Commission in case # FIC 2000-268) ("By letter dated May 23, 2000, the respondents'[1] counsel responded to complainants' request and informed them that the City of Groton Department of Utilities was not

---

[1] Respondents in the referenced case were Director of Utilities, Utilities Department, City of Groton; and Mayor, City of Groton.

2

purchasing the Manitock Spring Water Company, Inc. but that the corporation known as Groton Acquisition, Inc., which is wholly owned by the City of Groton, was under contract to purchase the Manitock Spring Water Company.")

3. Admit.

4. Admit.

5. Deny.  See *Exhibit 7* (Excerpt from Resolution, R-04-2-4 of the City of Groton "authorizing the Director of Utilities to enter into contracts to purchase CIS (Utility Billing) Software from Harris Computer of Ottawa, Canada and to purchase financial software from Springbrook Software of Portland, Oregon in an amount not to exceed $50,000.00 to be paid from a portion of the proceeds received from the sale of Manitock.").  See also *Exhibit 8* (Excerpt from Resolution, R-04-2-6 of the City of Groton "that the Mayor and Council approve the declaration of the Manitock Spring Water Company Real Estate Located at 343 Boston Post Road, Waterford, Connecticut, as surplus to the needs of the City of Groton, and pursuant to Connecticut General Statutes 8-24, refer this resolution to the Planning and Zoning Commission, and furthermore, that the Director of Groton Utilities is hereby authorized to list the property for sale with a Connecticut real estate broker with the provision that the City of Groton reserves the right to reject any and all offers.).  And see *Exhibit 9* (Excerpt from Resolution, R-03-11-76 of the City of Groton "to approve the sale of the Manitock Spring Water Company.").

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

**B. Issues of Material Fact As To Which It is Contended There Is A Genuine Issue To Be Tried**

1. Groton Acquisition Inc. is a corporation which is wholly owned by the City of Groton. See *Exhibit 1* and *Exhibit 7*.

2. The City of Groton is a municipality of the State of Connecticut, and is recognized as a public entity. See *Exhibit 11*.

3. The City of Groton exercises exclusive control over the governance of Groton Acquisition Inc. now known as Thames Valley Water Bottling Company. See *Exhibits 1-11*.

4. The funds to purchase The Manitock Spring Water Company, Incorporated by Groton Acquisition Inc. were provided by the City of Groton. See *Exhibit 1*.

5. The purchase of The Manitock Spring Water Company, Incorporated by Groton Acquisition, Inc. required the approval of the legislative body of the City of Groton. See *Exhibit 1*.

6. Groton Acquisition, Inc. is governed by a board comprised solely of officials of the City of Groton. See *Exhibit 2*, *Exhibit 3* and *Exhibit 4*.

7. The sale of Thames Valley Water Bottling Co., Inc., formerly known as Groton Acquisition Inc. doing business as The Manitock Spring Water Company, required the approval of the legislative body of the City of Groton. See *Exhibit 9* and *Exhibit 10*.

8. The funds from the sale of the Thames Valley Water Bottling Co. went to benefit a public agency of the City of Groton in an amount not to exceed $550,000.00. See *Exhibit 7*.

9. Title to the real estate which was purchased by Groton Acquisition Inc., with its acquisition of The Manitock Spring Water Company, Incorporated, reverted to the City of Groton on the subsequent sale of the business of Thames Valley Water Bottling Co. to a private third party. See *Exhibit 8*.

10. Pursuant to Public Act No. 99-188 of the Connecticut General Assembly, the creation of Groton Acquisition Inc. by the City of Groton to engage in the sale of bottled water required approval of the chief executive officer of the municipality and the adoption of an ordinance approved by a vote of two-thirds of the members present at a meeting of its legislative body. See *Exhibit 12*.

11. Section 2 of Public Act No. 99-188 was enacted to make it possible for the City of Groton to purchase The Manitock Spring Water Company, Incorporated, and to engage in the sale of bottled water.  See *Exhibit 12, Exhibit 13* (Testimony of Alexander B. Chisolm, Director of Utilities, Groton Utilities - "This bill allows Groton to create a separate corporate structure to operate a bottled water business. *The earnings form this business would provide the City of Groton with additional revenue, which would enable the City to upgrade facilities without burdening rate payers...*"  (Emphasis added) *and Exhibit 14.*

          THE PLAINTIFF – SANTIAGO CARTAGENA

BY_____
Thomas W. Bucci, for
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT  06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Fed. Bar #ct07805
Email: thomasbucci@earthlink.net

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing *Plaintiff's Local Rule 56(a)2 Statement of Material Facts* has been sent, by First Class Mail, postage prepaid, on this 25th day of June, 2004, to:

Richard J. Pascal, Esquire  
O'BRIEN SHAFNER, STUART, KELLY  
 & MORRIS, P.C.  
138 Main Street  
P.O. Box 310  
Norwich, CT 06360  
Tel: (860) 889-3855  
Fax: (860) 886-6352  
Fed. Bar # ct03151  

                                                                              _____  
                                                                              Thomas W. Bucci