UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT (NEW HAV

| | |
|---|---|
| SANTIAGO E. CARTAGENA ) | CIVIL ACTION |
| ) | |
| Plaintiff ) | 3:03 CV 998 (JC |
| ) | |
| vs. ) | |
| ) | |
| THAMES VALLEY WATER BOTTLING ) | |
| COMPANY, INC. ) | |
| ) | |
| Defendant ) | |
| ) | FEBRUARY 9, : |

### OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDE

Pursuant to L.Civ.R. 7(a)(1), Defendant Thames Valley Water Bottlin

(hereafter the "Company") hereby objects to Plaintiff's Motion for Reconside

January 20, 2005 [Docket #46].

The bases for this objection are that the Plaintiff (1) has failed to comp

procedural requirements set forth in L.Civ.R. 7(c) for filing a Motion for Recc

(2) has failed to demonstrate that he is entitled to relief pursuant to F.R.C.P. 6(

dismissing this case entered by the Court on January 11, 2005.

### NO ORAL ARGUMENT REQUESTED

1

I.     Procedural History.

This action was instituted by Complaint filed with this Court on June 4, 2003. On August 22, 2003, the Court (Arterton, J.) entered the Scheduling Order, requiring, *inter alia*, that discovery be completed by March 1, 2004, that the parties file a Joint Trial Memorandum within 30 days following ruling on any dispositive motions, and requiring that the case be trial ready as early as April 1, 2004.

By Notice of Deposition dated January 27, 2004 (the "Notice"), the Defendant noticed the Plaintiff's deposition for February 24, 2004. Pursuant to the Notice, the Plaintiff was to produce various documents at his deposition four weeks later. On February 24, 2004, the Defendant conducted the deposition of the Plaintiff in accordance with the Notice. Because the Plaintiff failed to bring any documents to the deposition as set forth in the Notice, the Plaintiff's deposition had to be continued to April 22, 2004, to again enable the Plaintiff to produce, and the Defendant to question about, the documents requested in the Notice. By letter dated March 18, 2004, the Plaintiff's [now-former] counsel, Attorney Thomas Bucci, forwarded to counsel for the Defendant some, but not all, of the documents requested by the Defendant in the Notice.

On April 22, 2004, the Defendant resumed the deposition of the Plaintiff. Again, the Defendant was forced to continue the deposition because certain documents originally requested in the Notice (<u>three</u> months earlier) were not produced by the Plaintiff.

On August 2, 2004, this Court scheduled a settlement conference to take place on August 31, 2004. By telephone on August 3, 2004 and by fax dated August 3, 2004, in order to be fully prepared for the settlement conference scheduled for August 31, 2004, Defendant's counsel sent a list of the still-outstanding production due from the Plaintiff to Attorney Bucci, referencing the specific pages in the deposition transcript of April 22, 2004, in which the outstanding production requests were identified. The Plaintiff again failed to produce the outstanding documents first requested by the Defendant <u>eight</u> months earlier.

On August 31, 2004, without notice to this Court or counsel, the Plaintiff walked out of the settlement conference scheduled by the Court and then in progress.

On September 1, 2004, the Court filed a Pretrial Order requiring trial briefs to be filed by October 15, 2004, and setting January 18, 2005 for jury selection with trial commencing thereafter [Docket #33].

By fax dated September 9, 2004, counsel for the Defendant again faxed to Attorney Bucci a list of the outstanding documents still due from the Plaintiff, again referencing the specific pages in the deposition transcript of April 22, 2004, in which the outstanding production requests were identified, and listing as well documents requested and promised to be produced by the Plaintiff during the course of the settlement conference held on August 31, 2004.

3

On September 27, 2004, the Defendant filed a Motion to Compel Responses to Discovery, and also sought an award of attorneys fees to be paid by the Plaintiff to the Defendant's attorneys and other relief including dismissal [Docket # 34]; by Order entered on September 27, 2004, the Plaintiff was ordered to respond to the motion by October 18, 2004. The Plaintiff failed to make any response to the motion.

On October 8, 2004, counsel for both parties filed a Joint Motion for Extension of Time to file the Joint Trial Memorandum [Docket # 36]; one basis for that motion cited by both counsel was the Plaintiff's continuing failure to respond to the Defendant's requests for production of the outstanding discovery that was first requested <u>nine months earlier</u>. That motion was granted by Order entered on October 14, 2004 [Docket # 37].

On October 12, 2004, in response to a letter from the Plaintiff dated October 6, 2004 and sent by the Plaintiff directly to the Court, the Court scheduled a telephone conference to take place on October 20, 2004. During the course of that teleconference, Attorney Bucci advised that he was not getting any responses from the Plaintiff to his letters, including the Defendant's Motion to Compel [Docket #34], nor to messages left by Attorney Bucci on the Plaintiff's telephone answering machine.

On October 25, 2004, Attorney Bucci filed his Motion to Withdraw as Counsel for the Plaintiff [Docket #38].

4

On October 25, 2004, the Court granted the Defendant's Motion to Compel [Docket #34] and ordered the Plaintiff to comply with the outstanding discovery requests by November 9, 2004, noting that renewal of the Defendant's request for dismissal of the case would be appropriate if the Plaintiff failed to respond to the Order by November 9, 2004.

On October 26, 2004, counsel for the Defendant sent another fax to Attorney Bucci, again requesting the outstanding production that the Plaintiff had not provided, again referencing the specific pages in the deposition transcript of April 22, 2004, in which the outstanding production requests were identified, and listing as well documents requested and promised to be produced by the Plaintiff during the course of the settlement conference held on August 31, 2004.

On November 9, 2004, counsel for the Defendant received some documents sent directly from the Plaintiff. Only one of the outstanding documents which were the subject of the Defendant's Motion to Compel [Docket #34] was produced. As to the remaining seven outstanding documents, the Plaintiff enclosed three 'authorizations,' thereby requiring the Defendant to seek production of the documents from the keepers of the respective records, rather than producing the requested documents themselves. Because the authorizations sent by the Plaintiff were not in proper form, on November 10, 2004, counsel for the Defendant requested the Court to extend the date for filing of the Joint Trial Memorandum to January 10, 2005, with a trial date not sooner than January 26, 2005. By Order dated November 10, 2004 [Docket #42],

5

the Court required the Plaintiff to provide amended authorizations by December 17, 2004 and revoked the deadlines for the filing of the Joint Trial Memorandum and for jury selection and trial. Counsel for the Defendant forwarded the required authorizations directly to the Plaintiff, together with a copy of the Order [Docket #42], by letter dated November 16, 2004 and sent by certified mail/return receipt requested. That letter was signed for by the Plaintiff on November 23, 2004, and the required executed authorizations were returned to the Defendant's counsel on or about December 3, 2004.

As of December 3, 2004, <u>almost twelve months after the documents were first requested by the Defendant</u>, counsel for the Defendant still had not received all documents that had been requested. As to certain of the Defendant's production requests, only authorizations had been provided by the Plaintiff, thereby requiring the Defendant to contact the keepers of the various records directly in order to obtain documents that the Plaintiff had been requested to produce in the Notice of Deposition in January, 2004. To date, in fact, certain of those authorizations have not been responded to by their respective keepers of the records, therefore not all of the requested and necessary documents have been provided to or received by the Defendant, even after all of this time.

On December 1, 2004, in response to Attorney Bucci's Motion to Withdraw Appearance, the Court ordered [Docket # 43] that the Plaintiff must have substitute counsel appearing on his

6

behalf, or that he must file a *pro se* appearance, on or before December 17, 2004, on which date Attorney Bucci's Motion to Withdraw Appearance would be granted. Again, the Plaintiff failed to respond to the Court's Order.

On December 22, 2004, the Court found that good cause existed pursuant to Local Rule 7(e) and granted Attorney Bucci's Motion to Withdraw Appearance [Docket #44]; the Order included the Court's warning that this case would be dismissed on January 5, 2005 if substitute counsel had not filed an appearance on the Plaintiff's behalf, or if the Plaintiff had not filed a *pro se* appearance, by that date. Once again, the Plaintiff failed to make any response to the Court's Order.

On January 11, 2005, because the Plaintiff had not appeared by substitute counsel or *pro se*, the Court dismissed the case [Docket #44][1]. Plaintiff filed the instant Motion for Reconsideration on January 21, 2005 [Docket #46]. As of the date of this Objection, the Plaintiff has not filed a *pro se* appearance, nor has he appeared by substitute counsel.

---

[1] Although the Court did not state the basis for its Order of Dismissal, it appears that it was based upon Fed.R.Civ.P. 41(b): "**Rule 41. Dismissal of Actions...(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

7

II.   <u>Plaintiff's Motion for Reconsideration does not comply with the procedural requirements set forth in L.Civ.R. 7(c) for filing a Motion for Reconsideration.</u>

Local Civil Rule 7(c)[2] specifically prescribes the procedure to be followed in filing motions for reconsideration. That Rule requires that the motion "shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."

Plaintiff's Motion for Reconsideration fails to comply with the Rule in that he has not filed a memorandum separately from the motion itself, as required by L.Civ.R. 7(c). In addition, Plaintiff's Motion for Reconsideration lacks any references to "controlling decisions," required under L.Civ.R. 7(c), which would support his Motion.

Most importantly, Plaintiff's Motion for Reconsideration fails to set forth any matters overlooked by the Court in entering its Order dismissing the case. Although federal courts have generally held *pro se* litigants to a less stringent standard than attorneys, "all litigants, including *pro ses* [sic], have <u>an obligation to comply with court orders and with the Federal Rules of Civil Procedure</u>." <u>Vitale v. First Fidelity Leasing Group, Inc.</u>, 187 F.R.D. 445, 448 (D. Conn.

---

[2] "**L.Civ.R.7. Motion Procedures...(c) Motions for Reconsideration.** 1. Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order..."

8

1999)(emphasis added)(citations omitted)(dismissing *pro se* plaintiffs' complaint for lack of jurisdiction despite repeated warnings that the action should be brought in state court); Accord, Simpson v. Putnam County National Bank of Carmel, 112 F.Supp.2d 284, 289 (S.D.N.Y.2000) (citations omitted); See also, Duse v. IBM Corporation, 212 F.R.D. 58 (D. Conn. 2002), aff'd 75 Fed.Appx. 44, 2003 WL 22121023 (2nd Cir.(Conn.))(denying *pro se* plaintiff's motion to reopen summary judgment pursuant to Fed.R.Civ.P. 60(b) for failure to meet procedural prerequisite that party had not had any prior opportunity to litigate the ground that is the basis for the motion to reopen); Shuster v. Gersten et al, 101 F.3d 1392, 1996 WL 368720 (2nd Cir.(Conn.))(no abuse of discretion in denial of pro se plaintiff's motion for reconsideration pursuant to Fed.R.Civ.P. 60(b) when pro se plaintiff had not responded within time set by court's order)(emphasis added).

In the instant action, Plaintiff has failed to bring to the Court's attention matters which the Court has overlooked, i.e., matters which had been brought to the Court's attention prior to the entry of the Order of Dismissal. Specifically, prior to the entry of the Order of Dismissal, the Plaintiff never made any assertions to this Court that his counsel was not providing adequate legal representation, or that his counsel was intimidating, threatening and harassing him, or that his counsel was not providing him with timely notices of actions that were required to be taken. In fact, Plaintiff made no response at all to his attorney's Motion to Withdraw Appearance, although he signed the return receipt card, which has apparently been filed with the Court, nor

9

did he respond to subsequent notices concerning the Court's requirements with respect to his former counsel's withdrawal of appearance.[3]

In considering the Plaintiff's allegations in his Motion for Reconsideration that his former counsel was intimidating and harassing him and not sending him timely notice of the Court's orders, it should be noted that the Plaintiff contacted the Court directly by letter dated October 6, 2004, in which he made certain allegations concerning the Defendant's hiring practices; he made no reference to or complaint about his own attorney in that letter. Clearly, the Plaintiff was capable of contacting the Court and of responding to notices received from Attorney Bucci and from the Defendant's counsel; he did those things <u>after</u> "September 31 [sic], 2004," the date on which he alleges he was intimidated and harassed by Attorney Bucci. The Plaintiff could have brought his concerns with his former counsel's alleged treatment of him to this Court's attention at any time prior to the entry of the Order of Dismissal on January 11, 2005. He did not do so, and it is his own repeated failures to act that now make it impossible for him to comply with the procedural requirements of Local Rule 7(c). There is no basis upon which the Plaintiff deserves further softening of the standards imposed upon even *pro se* litigants before this Court [See, e.g.,

---

[3] As set forth in Reply of Former Counsel, Thomas W. Bucci, to the Plaintiff's Motion for Reconsideration, dated January 24, 2005, the issue repeatedly raised by Attorney Bucci in his discussions with the Plaintiff was the Plaintiff's continuing failure to produce the documents repeatedly requested by the Defendant's attorneys.

10

Shuster v. Gersten et al, supra]. On this basis alone, the Motion for Reconsideration should be denied.

III.    Plaintiff has failed to demonstrate that he is entitled to relief pursuant to F.R.C.P. 60(b) from the order dismissing this case entered by the Court on January 11, 2005.

Substantively, Plaintiff's Motion for Reconsideration fails to establish any of the bases set forth in Fed.R.Civ.P. 60(b)[4] entitling him to relief from the Order of Dismissal entered on January 11, 2005.

As to the relief afforded by Fed.R.Civ.P. 60(b), "[S]uch relief is only warranted under 'extraordinary circumstances'....[T]his court has held that failure to follow the clear and unambiguous language contained in a district court order will generally not constitute such excusable neglect." Rosa v. Dovenmuehle Mortgage Inc., 96 Fed. Appx. 32, 2004 WL 865814

---

[4]

"**Rule 60. Relief From Judgment or Order**...(b). Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., §1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

11

(2nd Cir.(Conn.))(citation omitted). In <u>Rosa</u>, the Court of Appeals for the Second Circuit affirmed the dismissal entered by the district court, holding that there was no abuse of discretion in ordering dismissal when the plaintiffs had received two warnings by the court that their complaint would be dismissed if they failed to meet certain deadlines, had been counseled by the court that the effect of their continued non-compliance was likely to be dismissal, had submitted a procedurally deficient document in response to the court's order, had not taken any steps to remedy the deficiency, and had not sought an extension of time from the court.

In <u>Levy v. Catholic Charities/Catholic Family Services</u>, 2002 WL 32173523 (D. Conn. 2002), the court (Dorsey, J.) denied the plaintiff's motion to reopen a judgment of dismissal because the plaintiff (who had not responded to the motion for dismissal when it was filed) had not complied with two orders from the court to provide security for costs, had stated in her motion to reopen that she had not intended to proceed in federal court and had instructed her attorney to move the case to state court, and had taken no steps to "rectify the deficiency on which the dismissal was based." <u>Id</u>. The court held that the plaintiff's dissatisfaction with the forum "does not constitute 'mistake, inadvertence, surprise, or excusable neglect' nor does it constitute 'any other reason justifying relief from the operation of the judgment." <u>Id</u>. (quoting Fed.R.Civ.P. 60(b)(1) & (6).

12

In <u>Langsford v. Yale University School of Medicine</u>, 202 F.R.D. 367 (D.Conn. 2001), the court (Dorsey, J.) denied plaintiff's motion pursuant to Fed.R.Civ.P. 60(b) to reopen a summary judgment in favor of the defendant, stating that "...Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments...[I]t should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.'" and "...[s]ince Rule 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of <u>exceptional circumstances</u>.'" <u>Id.</u> @ 369 (quotations omitted)(emphasis added). In evaluating the plaintiff's claim of excusable neglect under Rule 60(b)(1), the court considered several factors: "(1) the danger of prejudice to the defendants; (2) the length of delay and its potential impact on the proceedings in this case; (3) the reason for the delay; and (4) the plaintiff's good faith." <u>Id.</u> @ 369 (quotations omitted). The court found that the plaintiff's illness was no excuse for delay in producing evidence going to the defendant's claim that her administrative appeal had not been timely filed, that the delay was 'potentially prejudicial' to the defendant, that the plaintiff did not exercise due diligence to learn of the new evidence which was the basis for her motion to reopen the summary judgment, and that there were no exceptional circumstances justifying reopening the judgment. <u>Id.</u> @ 370.

In <u>Shuster v. Gersten et al</u>, 101 F.3d 1392, 1996 WL 368720 (2nd Cir.(Conn.)), the Court affirmed the District Court's denial of the *pro se* plaintiff's motion for reconsideration pursuant

13

to Fed.R.Civ.P. 60(b) of a judgment of dismissal for lack of prosecution pursuant to D. Conn. Local R. Civ. P. 16(a), holding that there was no error in not imposing a lesser sanction than dismissal when the plaintiff failed to file a response to the District Court's order requiring him to do so or face dismissal: "This contention [that a lesser sanction than dismissal was warranted] is without merit. The district court followed the provisions of Local Rule 16(a) governing dismissals for failure to prosecute. Under Local Rule 16(a), <u>Shuster had an opportunity to explain his failure to prosecute or resume prosecution of his claims. However, he waived that opportunity by failing to respond to within 20 days of the district court's March 20th order.</u>" (emphasis added).

Like the Rosa plaintiffs, supra, the Plaintiff in the instant action had been warned that he faced dismissal of this action: by this Court's Order of October 25, 2004, granting in part the Defendant's Motion to Compel [Docket #39]; by this Court's Order of December 1, 2004, warning that this action would be dismissed if the Plaintiff failed to appear through substitute counsel or *pro se* by December 17, 2004 [Docket #43]; and by this Court's Order of December 22, 2004, granting Attorney Bucci's Motion to Withdraw Appearance and warning the Plaintiff that the case would be dismissed if no appearance by substitute counsel or by the Plaintiff *pro se* was filed by January 5, 2005. The Plaintiff failed to make any responses to those Orders; he

14

apparently failed to make any responses to warnings contained in his attorney's repeated attempts to contact him by mail and by telephone.

Like the Levy plaintiff, supra, the Plaintiff in the instant action has still not complied with the Orders [Docket #43, #44] that are the basis for the dismissal he now challenges; he still has not appeared before this Court either through new counsel or *pro se.*

Like the Langsford plaintiff, supra, the Plaintiff's failure to comply with the Orders of this Court is not excusable neglect nor any 'exceptional circumstance.' Indeed, the Plaintiff's actions demonstrate quite clearly that he was aware of the proceedings in this case and was capable of and did respond to those proceedings on occasion, and even communicated directly with this Court regarding the Defendant's hiring practice. The consequences of the Plaintiff's refusal to comply with the discovery procedures required by the Federal and Local Rules of Civil Procedure have been inordinate delay in the progress of this case, and additional and unnecessary expense to the Defendant in seeking to obtain responses to discovery requests to which it is entitled by those Rules.

Like the Shuster plaintiff, supra, the Plaintiff had the opportunity on a number of occasions to respond to this Court's warnings about the possibility of dismissal, i.e., in the Court's Order of September 27, 2004, concerning the Defendant's Motion to Compel; in the Court's Order of October 25, 2004, concerning Attorney Bucci's Motion to Withdraw

15

Appearance; in the Court's Order of October 25, 2004, concerning the Defendant's Motion to Compel; in the Court's Orders of December 1, and December 22, 2004, concerning Attorney Bucci's Motion to Withdraw Appearance and the need for substitute counsel or a *pro se* appearance. The Plaintiff repeatedly failed to make any response to the Court's Orders, despite the fact that in each instance, the Court did not enter a further order on the date stated in its Orders, but waited a number of more days in order to give the Plaintiff even more time to respond. The Plaintiff never did so and thus has waived his right to do so.

Trial of this matter was to have taken place in January, 2005, three and a half years after the events that are the basis for this action, involving a business that has since been sold and employee witnesses that have long since left the employ of the Defendant. The delay has been has been extremely prejudicial to the Defendant, and furthermore, the delay has caused the Defendant to incur additional attorneys fees that it would not otherwise have had in seeking to obtain documents first requested from the Plaintiff 13 months ago. There are still requested documents outstanding, and it would be extremely prejudicial and costly to the Defendant to have to conduct one or more depositions of non-parties in order to obtain, for example, Plaintiff's employment information and history that should have been provided by the Plaintiff one year ago. The prejudice to the Defendant and the additional fees and costs which it has already

16

incurred have been caused by the Plaintiff's repeated failures to cooperate with his own attorney and to obey the Orders of this Court.

The Plaintiff ends his Motion for Reconsideration with a plea for this Court's sympathy and concern for the Plaintiff's minor children, who he "supports." That plea is bogus: the tax returns finally produced by the Plaintiff show that at least in the years 2000 through 2003, he did not claim any dependency exemptions. The Plaintiff's minor children are, as he testified in deposition, in the sole care of their mother, his former wife. The real issues to be considered by this Court are the Plaintiff's lack of cooperation with his attorney and the Plaintiff's repeated failures to comply with the Rules of procedure and with the Orders of this Court.

IV.  Conclusion.

The rules governing the procedure in United States District Courts "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1 (emphasis added). The Plaintiff has failed to do his part to comply with the Rules and process that he invoked. The Plaintiff's Motion for Reconsideration is both procedurally and substantively deficient. It does not comply with the procedural requirements set forth in L.Civ.R. 7(c) for filing a Motion for Reconsideration, and it fails to demonstrate that the Plaintiff is entitled to the extraordinary relief pursuant to F.R.C.P. 60(b) from the Order dismissing this case entered by the Court on January 11, 2005.

17

Wherefore, the Defendant hereby objects to the Plaintiff's Motion for Reconsideration, which should be denied.

> THAMES VALLEY WATER BOTTLING
> COMPANY, INC., Defendant
>
> By *[signature]*
> Meredith E. Russell
> O'Brien, Shafner, Stuart, Kelly & Morris, P.C.
> 138 Main Street, Norwich, CT 06360
> Phone: (860) 889-3855
> Fax: (860) 889-6244
> Fed. Bar #ct04985
> Its Attorney
> Email: meredithrussell@obrienshafner.com

18

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, by first-class mail, postage prepaid, on this 9th day of February, 2005, to the following:

Santiago Cartagena
103-1 Brookside Lane
Pawcatuck, CT 06379

Thomas W. Bucci, Esq.
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT 06604

Chambers Copy:

Honorable Joan G. Margolis
United States Magistrate Judge
141 Church Street
New Haven, CT 06510

                             Meredith E. Russell
                             O'Brien, Shafner, Stuart, Kelly & Morris, P.C.
                             138 Main Street, Norwich, CT 06360
                             Phone: (860) 889-3855
                             Fax: (860) 889-6244
                             Fed. Bar #ct04985
                             Its Attorney
                             Email: meredithrussell@obrienshafner.com

MER\Litigation\Cartagena\ObjectionMotionReconsideration