IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------x
:
SANTIAGO E. CARTEGENA    :    3:03 CV 998 (JGM)
:
V.    :
:
THAMES VALLEY WATER    :
:    DATE: MARCH 1, 2005
---------------------------------------------x

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

On January 21, 2005, plaintiff filed his pro se Motion for Reconsideration (Dkt. #46), which asks this Court to reconsider a Ruling filed on December 22, 2004 (Dkt. #44), granting his attorney's Motion to Withdraw, and an Order filed on January 11, 2005 (Dkt. #45), dismissing this action. Four days later, on January 25, 2005, plaintiff's former counsel filed his Reply to this motion.[1] (Dkt. #47). On February 10, 2005, defendant filed its brief in opposition. (Dkt. #48).

For the reasons stated below, plaintiff's Motion for Reconsideration (Dkt. #46) is granted, but the Court adheres to the same conclusion as previously reached, namely that Attorney Bucci may withdraw from this lawsuit and that the action is dismissed.

I. PROCEDURAL BACKGROUND

On August 25, 2003, U.S. District Judge Janet Bond Arterton issued a Scheduling Order, under which all discovery was to be completed by March 1, 2004. (Dkt. #8). On

---

[1]The following three exhibits were attached: copy of counsel's Motion to Withdraw as Counsel for the Plaintiff, dated October 21, 2004, with U.S. Postal Service ["USPS"] Certified Mail response card (Exh. 1; see also Dkt. #38); copy of letter of counsel to plaintiff, dated November 16, 2004, with copy of Order, dated November 10, 2004, with USPS Certified Mail response card, dated November 23, 2004 (Exh. 2; see also Dkt. #42); and copy of letter of counsel to plaintiff, dated January 3, 2005, with copy of Ruling on Motion to Withdraw Appearance, filed December 22, 2004 and Order, dated December 1, 2004, with USPS Certified Mail response card, dated January 19, 2005 (Exh. 3; see also Dkts. ##44 & 43).

February 13, 2004, the parties consented to trial before this Magistrate Judge. (Dkt. #10). The pending motion has its genesis in defendant's efforts to obtain documents from plaintiff first requested by defendant in its Notice of Deposition, dated January 27, 2004, for which plaintiff received reminders during his deposition on February 24, 2004, continued deposition on April 22, 2004, and settlement conference on August 31, 2004. (See generally Dkt. #48, at 2-3). On September 1, 2004, the day after the settlement conference, this Magistrate Judge filed a Pretrial Order (Dkt. #33), ordering the Joint Pretrial Memorandum to be filed by October 15, 2004, and jury trial to commence on January 18, 2005 immediately following jury selection.

On September 27, 2004, defendant filed its Motion to Compel (Dkt. #34), regarding this outstanding discovery, which also requested dismissal of this action for non-compliance. On October 25, 2004, Thomas W. Bucci, plaintiff's then attorney, filed a Motion to Withdraw (Dkt. #38), based upon the "irreparable breakdown of communications between the plaintiff and plaintiff's counsel" and the "lack of cooperation by the plaintiff with his counsel in preparing his case for trial, in particular, plaintiff's failure to assist plaintiff's counsel in responding to the defendant's discovery request." (At 1 & 2).[2]  That same day, this Magistrate Judge filed her Ruling on Defendant's Motion to Compel (Dkt. #39)["October

---

[2]Local Rule 7(e) (formally Local Rule 15) provides:

> Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to proceed *pro se*, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw. In cases where the party has failed to engage other counsel or file a *pro se* appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a *pro se* appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

2004 Ruling"], which granted the motion to the extent that plaintiff was ordered to comply, in full, on or before November 9, 2004, and denied it with respect to dismissal, without prejudice to renewal if plaintiff failed to respond by November 9, 2004.

On November 9, 2004, plaintiff directly provided to defense counsel one of the requested documents and three "authorizations" to obtain the remaining seven documents, but these "authorizations" were not in proper form. (Dkt. #48, at 5). The next day, on November 10, 2004, this Magistrate Judge filed an Order (Dkt. #42)["November 2004 Order"], which rescinded the deadlines for filing the Joint Trial Memorandum and jury selection and trial, and further ordered plaintiff to provide amended authorizations by December 17, 2004.[3]

Because plaintiff failed to respond to his attorney's Motion to Withdraw Appearance, on December 1, 2004, this Magistrate Judge filed an Order (Dkt. #43)["December 2004 Order"], in which plaintiff was advised as follows:

> Plaintiff is hereby warned that **on or before December 17, 2004**, plaintiff must have substitute counsel file his or her appearance, or plaintiff is to file a *pro se* appearance. If plaintiff fails to engage other counsel or file a *pro se* appearance by **December 17, 2004**, the Court will grant Attorney Bucci's Motion to Withdraw if it finds that "good cause exists for permitting the withdrawal by the appearing counsel," which could ultimately result in a dismissal of plaintiff's action.

(emphasis in original).

Plaintiff failed to respond by December 17, 2004. Five days later, on December 22, 2004, this Magistrate Judge filed her Ruling on Motion to Withdraw Appearance (Dkt. #44)["December 2004 Ruling"], which held as follows:

---

[3] Defense counsel represents that on November 16, 2004, defense counsel forwarded the required authorizations directly to plaintiff, together with a copy of November 2004 Order, that plaintiff signed for this mail on November 23, 2004, and returned the executed authorizations to defense counsel on December 3, 2004. (Dkt. #48, at 4-6). Defense counsel further represents that they still have not received all the requested documents. (Id.).

> No appearance has been filed by substitute counsel and plaintiff has failed to file a *pro se* appearance. Under Local Rule 7(e), the Court finds that "good cause exists for permitting the withdrawal by the appearing counsel" and thus Attorney Bucci's Motion to Withdraw Appearance (Dkt. #38) is hereby granted. Plaintiff is further warned that if substitute counsel fails to file his or her appearance or plaintiff fails to file a *pro se* appearance **on or before January 5, 2005, this case will be dismissed**. . . . Attorney Bucci shall forward a copy of the December 1st Order and this Ruling to plaintiff.

(emphasis in original). In accordance with this directive, on January 3, 2005, Attorney Bucci sent a letter to plaintiff, with which he forwarded a copy of the December 2004 Order and of the December 2004 Ruling. (Dkt. #47, Exh. 3).

Plaintiff again failed to respond by January 5, 2005. On January 11, 2005, this Magistrate Judge filed an Order of Dismissal. (Dkt. #45)["January 2005 Order"].

## II. DISCUSSION

Ten days after the January 2005 Order, on January 21, 2005, plaintiff filed his Motion for Reconsideration (Dkt. #46), in which he contends that Attorney Bucci "failed to provide adequate notice in his Motion to Withdraw Appearance," that Attorney Bucci "failed to communicate his reasons for withdrawing," and that plaintiff did not receive notice from Attorney Bucci until January 6, 2005. Plaintiff therefore asks this Court to reconsider the December 2004 Ruling and the January 2005 Order.[4]

---

[4] In this motion, plaintiff further claims that Attorney Bucci "failed to provide realistic legal direction in regard to my case" and that plaintiff "believes he was intimated, threatened and harrassed [sic] by Atty. Bucci and his secretary on or about 9/31/2004 [sic]" regarding attorney's fees. Plaintiff also indicates that "[t]his case is very important to the plaintiff and the minor children the plaintiff supports."

In his Reply (Dkt. #47), Attorney Bucci disputes that he or his secretary ever intimidated, threatened or harassed plaintiff at any time, that he ever engaged in any disagreement with plaintiff over attorney's fees, and that "[t]he only issue the plaintiff and his former attorney debated was the plaintiff's failure to respond to outstanding discovery requests." (At 1).

With respect to plaintiff's comments regarding his children, defense counsel characterizes such "plea" as "bogus," in that the tax returns finally produced by plaintiff indicate that for the years 2000 through 2003, plaintiff did not claim any dependency exemptions, and that as plaintiff testified at his deposition, the children are in the sole care of his former wife. (Dkt. #48, at 17).

4

In his Reply (Dkt. #47), Attorney Bucci has produced copies of United States Postal Service Certified Mail response cards, demonstrating that plaintiff did receive copies of Bucci's Motion to Withdraw as Counsel, of the November 2004 Order, of the December 2004 Order, and of the December 2004 Ruling. (Exhs. 1-3). Attorney Bucci explained that although the December 2004 Ruling was dated on December 22, 2004, it was not entered on the Court's computer until December 27, 2004,[5] so that he did not receive the ruling until after December 27, 2004. (Dkt. #47, at 2). His cover letter to plaintiff was dated January 3, 2005, as was the USPS Certified Mail response card. (Id. & Exh. 3).

In its brief in opposition (Dkt. #48), defendant argues that: (1) plaintiff's Motion for Reconsideration does not comply with the procedural requirements set forth in Local Rules 7(c) (at 8-11), and (2) plaintiff has failed to demonstrate that he is entitled to relief pursuant to FED. R. CIV. P. 60(b) from the January 2005 Order (at 11-17).

A.  LOCAL RULE 7(c)

Local Rule 7(c)1. provides in full:

> Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

Defense counsel is correct that while filings "by pro se litigants are held to 'less stringent standards than formal [filings] drafted by lawyers,' all litigants, including pro ses, have an obligation to comply with court orders and with the Federal Rules of Civil Procedure." Vitale v. First Fidelity Leasing Group, Inc., 187 F.R.D. 445, 448 (D. Conn. 1999)(quoting Haines v. Kerner, 404 U.S. 519, 520 (1972))(additional citation omitted).

---

[5]The Court's docket sheet under CM/ECF confirms the same, which is not surprising given the Christmas holiday weekend.

As indicated above, plaintiff had three opportunities to raise these issues on a timely basis – in objecting to his attorney's Motion to Withdraw Appearance (which he failed to do), by responding to the December 2004 Order (which he failed to do), or by responding to the December 2004 Ruling (which he failed to do). Thus, defense counsel appropriately argues that plaintiff has failed to raise any matters which the Court "overlooked in the initial decision or order."  Despite these infirmities, in the interests of justice and fairness, and giving plaintiff, once again, every benefit of the doubt, the Magistrate Judge nonetheless will address the merits of plaintiff's Motion for Reconsideration.

B.  <u>FEDERAL RULE 60(b)</u>

Although the January 2005 Order did not so specify, plaintiff's action was dismissed pursuant to FED. R. CIV. P. 41(b), which provides that a lawsuit may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court. . . ." FED. R. CIV. P. 60(b) provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."

The propriety of a Rule 41(b) dismissal generally depends on a balancing of the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

<u>Selletti v. Carey</u>, 173 F.3d 104, 111 (2d Cir. 1999)(citation omitted).  All five factors point in the direction of dismissal here.

With respect to the issue of discovery, defendant has sought the requested documents since January 2004, about which plaintiff was reminded in February 2004 and April 2004 at his deposition sessions, and in August 2004, at the settlement conference. Attorney Bucci's Motion to Withdraw, filed on October 25, 2004 (Dkt. #38) referenced "plaintiff's failure to assist plaintiff's counsel in responding to the defendant's discovery request." The October 2004 Ruling, filed that same day, ordered compliance in full by November 9, 2004 and forewarned plaintiff that defendant's request for dismissal would be reconsidered if plaintiff failed to respond by that date. Plaintiff only partially complied by November 9, 2004, prompting this Magistrate Judge to issue the November 2004 Order, requiring additional compliance by December 17, 2004. According to defense counsel, they still have not received all the requested documents. (Dkt. #48, at 6).

With respect to plaintiff's pro se appearance or the appearance of substitute counsel, because plaintiff failed to respond to his attorney's Motion to Withdraw, on December 1, 2004, this Magistrate Judge filed the December 2004 Order, which ordered plaintiff to file a pro se appearance or appearance by substitute counsel by December 17, 2004, or else the action might ultimately be dismissed. When the December 17 deadline lapsed, the December 2004 Ruling was filed five days later, granting Attorney Bucci's motion, and further warning plaintiff to file a pro se appearance by January 5, 2005, or else the action will be dismissed. Again, plaintiff failed to respond, prompting the January 2005 Order six days later. To date, plaintiff has still not filed his pro se appearance, which is a simple task.

In construing Rule 60(b)(1), the Second Circuit has held that "failure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect." Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997), cert. denied, 522 U.S. 1117 (1998). See also Levy v. Catholic Charities/Catholic Family Servs., 3:01 CV 15 (PCD),

2002 WL 32173523 (D. Conn. July 2, 2002)(refusing to reopen and set aside dismissal for plaintiff's failure to comply with two separate court orders).

### III.  CONCLUSION

Accordingly, for the reasons stated below, plaintiff's Motion for Reconsideration (Dkt. #46) is <u>granted</u>, but the Court adheres to the same conclusion as previously reached, namely that Attorney Bucci may withdraw from this lawsuit and that the action is dismissed.

Dated at New Haven, Connecticut, this 1st day of March, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge