**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT (NEW HAVEN)**

| | | |
|---|---|---|
| | ) | CIVIL ACTION NO. |
| **SANTIAGO E. CARTAGENA** | ) | |
| | ) | |
| **Plaintiff** | ) | **3:03 CV 998 (JGM)** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **THAMES VALLEY WATER BOTTLING** | ) | |
| **COMPANY, INC.** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | **APRIL 14, 2005** |

## OBJECTION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL

Pursuant to L.Civ.R. 7(a)(1), Defendant Thames Valley Water Bottling Company, Inc. (hereafter the "Company") hereby objects to Plaintiff's Motion for an Extension of Time to File a Notice of Appeal filed April 1, 2005 [Docket #54] (hereafter the "Plaintiff's Motion").

The bases for this objection are, first, that the Plaintiff's Motion was not filed within the time prescribed by F.R.A.P. 4(a)(4)(A) and F.R.A.P. 4(a)(5)(A)(i), and therefore this Court cannot grant Plaintiff's Motion.

## NO ORAL ARGUMENT REQUESTED

1

Second, Plaintiff has failed to demonstrate that he had good cause for, or that there was excusable neglect preventing him from, filing his Notice of Appeal within the time prescribed by F.R.A.P. 4(a)(4)(A). Plaintiff's stated reason for his Motion for an Extension of Time to File a Notice of Appeal [Docket #54] is a gross and deliberate mis-statement of fact. The Plaintiff is therefore not entitled to an extension of time pursuant to F.R.A.P. 4(a)(5)(A)(ii) to file a Notice of Appeal.

I.      Procedural History.

The lengthy procedural history of this action has previously been recited in exhaustive detail in Defendant's Objection to Plaintiff's Motion for Reconsideration [Docket #48], and this Court is asked to take judicial notice of Docket #48 and the procedural history recited therein.

The instant Plaintiff's Motion [Docket #54] is Plaintiff's tardy response to the ruling of this Court on March 1, 2005 [Docket #49], adhering to its previous conclusions that Attorney Bucci should be permitted to withdraw as Plaintiff's counsel [Docket #44] and that the action is dismissed [Docket #45].

On April 1, 2005, the Plaintiff filed the instant Motion for an Extension of Time to File a Notice of Appeal [Docket #54], together with, inter alia, a Motion for Appointment of Counsel [Docket #52].

II.     Plaintiff's failure to file his Motion for an Extension of Time to File a Notice of Appeal within the time prescribed by F.R.A.P. 4(a)4(A) requires denial of said motion.

2

In a civil case, the time for filing a notice of an appeal from a judgment or order of the District Court is governed by F.R.A.P. 4(a), which requires, *inter alia*, filing of a notice of appeal within 30 days after the entry of an order disposing of certain motions [F.R.A.P. 4(a)(4)(A) (emphasis added)][1].  An extension of time to file the notice of an appeal may be granted if a motion for extension of time is filed within 30 days of the required filing date and the moving party shows excusable neglect or good cause for the requested extension [F.R.A.P. 4(a)(5)(A) (emphasis added)][2].  The computation of the time under the Federal Rules includes the last day of the period within which to act. [F.R.C.P. 6(a)][3].

---

[1]

   "**F.R.A.P. 4  - Appeal as of Right - When Taken.** (a)...(4) Effect of a Motion on a Notice of Appeal.  (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of an order disposing of the last such remaining motion:...(vi) for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered."

[2]

   "**F.R.A.P. 4. Appeal as of Right - When Taken**.(a)...(5)Motion for Extension of Time. (A) The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

[3]

   "**F.R.C.P. 6. Time. (a) Computation.**  In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of the court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days."

3

The time requirement prescribed by F.R.A.P. 4(a)(4) is "mandatory and jurisdictional." Ottaviano v. Pratt & Whitney Division of United Technologies Corp., 2002 WL 32002679 (D.Conn. 2002)(quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982), "and should be applied literally." Cardillo by Cardillo v. United States, 622 F.Supp. 1328, 1329 (D. Conn. 1985)(quoting Cardillo by Cardillo v. United States, 767 F.2d 33, 34 (2d Cir. 1985); See In re O.P.M. Leasing Services, Inc., 769 F.2d 911, 916 (2d Cir. 1985).

In the instant case, this Court issued its ruling on the Plaintiff's Motion for Reconsideration on March 1, 2005 [Docket # 49]. Therefore, Plaintiff was required by F.R.A.P. 4(a)(4)(A) to file his Motion for an Extension of Time to File a Notice of Appeal within 30 days of March 1, 2005, i.e., on or before March 31, 2005. Plaintiff's Motion for an Extension of Time to File a Notice of Appeal [Docket #54] was filed on April 1, 2005. Plaintiff's failure to file his motion in accordance with the timing requirements of F.R.A.P. 4(a)(4)(A) requires denial of said Motion.[4]

III.    Plaintiff has failed to demonstrate that there is good cause or excusable neglect pursuant to F.R.A.P. 4(a)(5)(A)(ii) entitling him to an extension of time to file his notice of appeal.

---

[4]
It should be noted that the mandatory nature of the time requirements imposed under F.R.A.P. 4 is upheld in connection with motions for extension of time to file notices of appeals in criminal cases pursuant to F.R.A.P. 4(b), and failure to comply with those requirements mandates denial of such motions; See, e.g., United States v. Morel, 2003 WL 22119102 (D.Conn.), Bennett v. United States, 205 F.3d 1321, 2000 WL 232179 (2nd Cir.(Conn.)).

4

A party seeking an extension of time to file a notice of appeal must show excusable

neglect or good cause to justify the requested extension [F.R.A.P. 4(a)(5)(A)(ii)].

> "...the requirements of FRAP 4(a)(1) and its predecessors with
> respect to the time for taking an appeal have long been treated
> as especially rigid.  This rigidity rests on the need for the pre-
> vailing party to know, at a fixed time, how the litigation stands.
> In order to accomplish this goal, the courts must adopt and
> have adopted a strict interpretation of the words 'excusable
> neglect.'" Cardillo by Cardillo v. United States, 622 F.Supp.
> 1328, 1330 (D.Conn. 1985)(quoting In re O.P.M. Leasing Services,
> Inc., Debtor, 769 F.2d 911, 916 (2d Cir. 1985).

The Cardillo court found that an error in calculating the time to file a notice of appeal resulting

from counsel's confusion about the effect of a post-judgment motion on the calculation of the

appeal period  was neither excusable neglect nor good cause for the late filing of the notice of

appeal.  The court therefore denied the motion for extension of time to file the notice of appeal.

Inadvertance, ignorance of the rules, or lack of familiarity with the appellate process and

its deadlines are not excusable neglect for either attorneys or *pro se* litigants. Ottaviano v. Pratt

& Whitney Division of United Technologies Corp., 2002 WL 32002679 (D. Conn.)(citations

omitted, emphasis added).  The Ottaviano court denied the *pro se* plaintiff's motion for

permission to file an untimely notice of appeal, finding that there was no excusable neglect

arising from plaintiff's counsel's miscalculation of the timing of the appeal period nor from

plaintiff's counsel's failure to follow up with plaintiff when she did not respond to his letter

regarding the time to appeal.  The court found that neither the miscalculation of the timing of the appeal period nor the failure of counsel to follow up with an unresponsive client were "exceptional circumstances" (quoting Nemaizer v. Baker, 793 F.2d 56, 61 (2d Cir. 1986)) justifying an extension of time to file a notice of appeal.

In Phillips v. Merchants Insurance Group, 173 F.3d 845, 1999 WL 278526 (2nd Cir.(N.Y.)), the United States Court of Appeals for the Second Circuit concluded that the District Court had abused its discretion in granting the *pro se* plaintiff an extension of time to file his notice of appeal.  The Court of Appeals therefore dismissed the appeal by the *pro se* plaintiff on the basis that it lacked jurisdiction over the appeal because the plaintiff had failed, by his self-professed confusion about the rules with respect to deadlines for filing an appeal, to file his notice of appeal within the time prescribed by F.R.A.P. 4(a)(1)(A):  "We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." (quoting LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995)).

In the instant case, Plaintiff's Motion states that the reason for the late filing of the Notice of Appeal was "a communication problem with my attorney."  Communication problems between attorney and client are not an 'extraordinary circumstance' that constitutes excusable

6

neglect or good cause justifying an extension of time to file the notice of appeal [Ottaviano, supra].

Furthermore, that 'reason' is a gross mis-statement of fact; by this Court's Order on December 22, 2004 [Docket #44], Attorney Thomas Bucci was permitted to withdraw his appearance on behalf of the Plaintiff.  As of December 22, 2004, therefore, there was no attorney with whom the Plaintiff could have had a communication problem concerning the appeal of any order of this Court (nor any other aspect of this litigation). [5]

It must be pointed out (again) that, prior to the entry of the Order of Dismissal [Docket #44], the Plaintiff never asserted to this Court that there were any communication or other problems with his counsel.  In fact, Plaintiff made no response at all to his attorney's Motion to Withdraw Appearance [Docket #38], although he signed the return receipt card, which has apparently been filed with the Court, nor did he respond to subsequent notices concerning the Court's requirements with respect to his former counsel's withdrawal of appearance.  Again, it should be noted that when the Plaintiff contacted the Court directly by letter dated October 6, 2004 (concerning the Defendant's alleged hiring practices), he made no reference to or

---

[5]

Plaintiff's Motion for Appointment of Counsel [Docket #52] contains another gross mis-statement of fact in its allegation that his former attorney "withdrew spontaneously from the case."  Plaintiff's former attorney filed his Motion to Withdraw Appearance on October 25, 2004 [Docket #38].  That motion drew no response from the Plaintiff and was finally granted by this Court December 22, 2004 [Docket #44].

complaint about his own attorney.  The Plaintiff could have brought his concerns about his former counsel's alleged treatment of him to this Court's attention at any time prior to the entry of the Order of Dismissal on January 11, 2005.  He did not do so. Indeed, the Plaintiff's actions demonstrate quite clearly that he was aware of the proceedings in this case, and was capable of and did respond to those proceedings on occasion, and even communicated directly with this Court.

Trial of this matter was to have taken place in January, 2005, three and a half years after the events that are the basis for this action, involving a business that has since been sold and employee witnesses that have long since left the employ of the Defendant.  The delay has been has been extremely prejudicial to the Defendant, and furthermore, the delay has caused the Defendant to incur additional attorneys fees that it would not otherwise have had in seeking to obtain documents first requested from the Plaintiff 15 months ago, some of which are still outstanding.   The prejudice to the Defendant and the additional fees and costs which it has already incurred have been caused by the Plaintiff's repeated failures to cooperate with his own attorney and to obey the Orders of this Court.

IV.    Conclusion.

The rules governing the procedure in United States District Courts "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

8

Fed.R.Civ.P. 1 (emphasis added). The rules governing Federal Appellate procedure mandate certain deadlines for the taking of an appeal from the District Court. The Plaintiff has failed to do his part to comply with the Rules and process that he invoked. The Plaintiff's Motion for an Extension of Time to File a Notice of Appeal is both procedurally and substantively deficient. It does not comply with the time requirements set forth in F.R.A.P. 4(a)(4)(A) and F.R.A.P.4(a)(5) for filing a Motion for an Extension of Time to File a Notice of Appeal, and it fails to demonstrate that the Plaintiff had excusable neglect or good cause entitling him to the extraordinary relief of an extension of time to file his notice of appeal.

Wherefore, the Defendant hereby objects to the Plaintiff's Motion for an Extension of Time to File an Appeal [Docket #54], which should be denied.

THAMES VALLEY WATER BOTTLING
COMPANY, INC., Defendant


By_____
    Meredith E. Russell
    O'Brien, Shafner, Stuart, Kelly & Morris, P.C.
    138 Main Street, Norwich, CT 06360
    Phone: (860) 889-3855
    Fax: (860) 889-6244
    Fed. Bar #ct04985
    Its Attorney
    Email: meredithrussell@obrienshafner.com

9

## **CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing has been mailed, by first-class mail, postage prepaid, on this 14th day of April, 2005, to the following:

Santiago Cartagena
103-1 Brookside Lane
Pawcatuck, CT 06379

Chambers Copy:

Honorable Joan G. Margolis
United States Magistrate Judge
141 Church Street
New Haven, CT 06510

_____
Meredith E. Russell
O'Brien, Shafner, Stuart, Kelly & Morris, P.C.
138 Main Street, Norwich, CT 06360
Phone: (860) 889-3855
Fax: (860) 889-6244
Fed. Bar #ct04985
Its Attorney
Email: meredithrussell@obrienshafner.com

MER\Litigation\Cartagena\ObjectionMotionExtensionTimeNoticeAppeal

10