IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------x
:
SANTIAGO E. CARTEGENA            :        3:03 CV 998 (JGM)
:
V.                               :
:
THAMES VALLEY WATER              :
:        DATE: MAY 2, 2005
-----------------------------------------------x

RULING ON PLAINTIFF'S PENDING MOTIONS

On April 1, 2005, plaintiff filed the three pending motions: Motion for Leave to Proceed In Forma Pauperis (Dkt #51), Motion for Appointment of Counsel (Dkt. #52), and Motion for Extension of Time to File a Notice of Appeal (Dkt. #54). That day, plaintiff also filed his pro se appearance (Dkt. #50) and Notice of Appeal (Dkt. #53), regarding the January 11, 2005 Order of Dismissal. On April 15, 2005, defendant filed its objection to plaintiff's Motion for Extension of Time. (Dkt. #55).

For the reasons stated below, plaintiff's Motions (Dkts. ##51, 52 & 54) are denied.

I.  PROCEDURAL BACKGROUND

Once again, it is necessary to review the procedural background of this litigation. On February 13, 2004, the parties consented to trial before this Magistrate Judge. (Dkt. #10). On September 1, 2004, this Magistrate Judge filed a Pretrial Order (Dkt. #33), ordering the Joint Pretrial Memorandum to be filed by October 15, 2004, and jury trial to commence on January 18, 2005 immediately following jury selection. On September 27, 2004, defendant filed a Motion to Compel (Dkt. #34), regarding outstanding discovery, which also requested dismissal of this action for non-compliance. On October 25, 2004, Thomas W. Bucci, plaintiff's then attorney, filed a Motion to Withdraw (Dkt. #38), based upon the "irreparable breakdown of communications between the plaintiff and plaintiff's counsel" and the "lack of cooperation by the plaintiff with his counsel in preparing his case for trial, in

particular, plaintiff's failure to assist plaintiff's counsel in responding to the defendant's discovery request." (At 1 & 2).[1]  That same day, this Magistrate Judge filed her Ruling on Defendant's Motion to Compel (Dkt. #39)["October 2004 Ruling"], which granted the motion to the extent that plaintiff was ordered to comply, in full, on or before November 9, 2004, and denied it with respect to dismissal, without prejudice to renewal if plaintiff failed to respond by November 9, 2004.

Because plaintiff failed to respond to his attorney's Motion to Withdraw Appearance, on December 1, 2004, this Magistrate Judge filed an Order (Dkt. #43)["December 2004 Order"], in which plaintiff was advised as follows:

> Plaintiff is hereby warned that **on or before December 17, 2004**, plaintiff must have substitute counsel file his or her appearance, or plaintiff is to file a *pro se* appearance.  If plaintiff fails to engage other counsel or file a *pro se* appearance by **December 17, 2004**, the Court will grant Attorney Bucci's Motion to Withdraw if it finds that "good cause exists for permitting the withdrawal by the appearing counsel," which could ultimately result in a dismissal of plaintiff's action.

(emphasis in original).  Plaintiff failed to respond by December 17, 2004.  Five days later, on December 22, 2004, this Magistrate Judge filed her Ruling on Motion to Withdraw Appearance (Dkt. #44)["December 2004 Ruling"], which held as follows:

---

[1]Local Rule 7(e) (formally Local Rule 15) provides:

> Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to proceed *pro se*, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw.  In cases where the party has failed to engage other counsel or file a *pro se* appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a *pro se* appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

> No appearance has been filed by substitute counsel and plaintiff has failed to file a *pro se* appearance. Under Local Rule 7(e), the Court finds that "good cause exists for permitting the withdrawal by the appearing counsel" and thus Attorney Bucci's Motion to Withdraw Appearance (Dkt. #38) is hereby <u>granted</u>. Plaintiff is further warned that if substitute counsel fails to file his or her appearance or plaintiff fails to file a *pro se* appearance **on or before January 5, 2005, this case will be dismissed**. . . . Attorney Bucci shall forward a copy of the December 1st Order and this Ruling to plaintiff.

(emphasis in original). In accordance with this directive, on January 3, 2005, Attorney Bucci sent a letter to plaintiff, with which he forwarded a copy of the December 2004 Order and of the December 2004 Ruling. (Dkt. #47, Exh. 3).

Plaintiff again failed to respond by January 5, 2005. On January 11, 2005, this Magistrate Judge filed an Order of Dismissal (Dkt. #45)["January 2005 Order"]. Ten days after the January 2005 Order, on January 21, 2005, plaintiff filed his Motion for Reconsideration (Dkt. #46), in which he asked this Court to reconsider the December 2004 Ruling and the January 2005 Order. Four days later, Attorney Bucci filed his Reply (Dkt. #47), in which he disputed virtually all the contentions made by plaintiff in his motion and on February 10, 2005, defendant filed its brief in opposition (Dkt. #48). On March 1, 2005, this Magistrate Judge filed a Ruling on Plaintiff's Motion for Reconsideration (Dkt. #49)["March 2005 Ruling"], which granted plaintiff's motion, but the Court still adhered to the same conclusion as previously reached, namely that Attorney Bucci could withdraw from this lawsuit and that the action was dismissed.

## II.  DISCUSSION

In his Motion for Extension of Time to File a Notice of Appeal (Dkt. #54), plaintiff claims that his "excusable neglect" or "good cause" was that he "had a communication problem with [his] attorney." In its objection, defendant argues that: (1) plaintiff failed to file his motion within the time period prescribed by FED. R. APP. P. 4(a) (Dkt. #55, at 3-4); and

(2) plaintiff has failed to demonstrate that there is good cause or excusable neglect pursuant to FED. R. APP. P. 4(a)(5)(A)(ii) (at 4-8). Plaintiff's Notice of Appeal (Dkt. #53) makes specific reference to the January 2005 Order, filed on January 11, 2005. Plaintiff's filings on April 1, 2005 are significantly beyond the thirty day time period. Plaintiff's filings on April 1, 2005 are one day beyond the thirty day time period of the March 2005 Ruling, filed on March 1, 2005. The Court need not address the timeliness issue, because plaintiff has not demonstrated good cause or excusable neglect. His alleged "communication problem" with his attorney surfaced back on October 25, 2004, when Attorney Bucci filed his Motion to Withdraw (Dkt. #38), based upon the "irreparable breakdown of communications between the plaintiff and plaintiff's counsel" and the "lack of cooperation by the plaintiff with his counsel in preparing his case for trial, in particular, plaintiff's failure to assist plaintiff's counsel in responding to the defendant's discovery request." (At 1 & 2). Because plaintiff failed to respond to his attorney's Motion to Withdraw Appearance, on December 1, 2004, this Magistrate Judge filed the December 2004 Order (Dkt. #43), which ordered plaintiff to file a pro se appearance or appearance by substitute counsel by December 17, 2004, or else the action might ultimately be dismissed. When the December 17 deadline lapsed, the December 2004 Ruling (Dkt. #44) was filed five days later, granting Attorney Bucci's motion, and further warning plaintiff to file a pro se appearance by January 5, 2005, or else the action will be dismissed. Again, plaintiff failed to respond, prompting the January 2005 Order (Dkt. #45) six days later. Plaintiff did not file his pro se appearance until April 1, 2005. (Dkt. #50). Thus, there is no "communication problem" with Attorney Bucci which can even be remotely responsible for, or related to, plaintiff's failure to file a timely appeal. Thus, plaintiff's Motion for Extension of Time to File a Notice of Appeal (Dkt. #54) is denied.

In his Motion for Appointment of Counsel (Dkt. #52), plaintiff contends that his

"former attorney . . . withdrew spontan[e]ously from the case." (At 4, ¶ 12). As the discussion above indicates, Attorney Bucci did not "spontaneously" withdraw from the case, but only after the Court issued an Order and Ruling. (Dkts. ##43-44). Thus, plaintiff's Motion for Appointment of Counsel (Dkt. #52) is <u>denied as moot and on the merits</u>.

Plaintiff's Motion for Leave to Proceed <u>In Forma Pauperis</u> (Dkt. #51) is <u>denied as moot</u>.

### III. CONCLUSION

Accordingly, for the reasons stated above, plaintiff's motions (Dkts. ##51, 52 & 54) are <u>denied</u>.

Dated at New Haven, Connecticut, this 2nd day of May, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge