

CONN

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO
THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION
OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS
CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF
COLLATERAL ESTOPPEL OR RES JUDICATA.

    At a stated term of the United States Court of Appeals
for the Second Circuit, held at the Thurgood Marshall United
States Courthouse, at Foley Square, in the City of New York,
on the  11th  day of  July  , two thousand and six.


PRESENT:        HON. DENNIS JACOBS,
                HON. ROSEMARY S. POOLER,
                        Circuit Judges,
                HON. JOHN. G. KOELTL,[1]
                        District Judge.

- - - - - - - - - - - - - - - - -X
SANTIAGO E. CARTAGENA,

        Appellant,

        -v.-                              05-1710-CV

THAMES VALLEY WATER BOTTLING CO.,
INC.,

        Appellants.

- - - - - - - - - - - - - - - - -X

------------------------

    [1] The Honorable John G. Koeltl, United States District
Court for the Southern District of New York, sitting by
designation.

UNITED STATES COURT OF APPEALS
FILED
JUL 11 2006
Roseann B. MacKechnie, CLERK
SECOND CIRCUIT

```
1    APPEARING FOR APPELLANT:        SANTIAGO E. CARTAGENA, pro se,
2                                    Pawcatuck, CT.
3
4
5    APPEARING FOR APPELLEE:         LLOYD L. LANGHAMMER, O'Brien,
6                                    Shafner, Stuart, Kelly & Morris,
7                                    P.C. (Meredith E. Russell, of
8                                    counsel), Norwich, CT.
9
10        Appeal from the United States District Court for the
11   District of Connecticut (Margolis, MJ.).
12
13        UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED
14   AND DECREED that the judgment of the district court be
15   VACATED and the case REMANDED.
16
17        Santiago E. Cartagena pro se appeals from a judgment
18   entered in the United States District Court for the District
19   of Connecticut (Margolis, MJ.) that dismissed his complaint
20   alleging employment discrimination by defendant Thames
21   Valley Water Bottling Co., Inc. ("Thames").  The parties
22   consented to the referral of all proceedings before a
23   magistrate judge.  Familiarity is assumed as to the facts,
24   the procedural context, and the specification of appellate
25   issues.
26
27        We review a district court's dismissal under Rule 41(b),
28   Fed R. Civ. P., for abuse of discretion, and in light of the
29   record as a whole.  See Spencer v. Doe, 139 F.3d 107, 112
30   (2d Cir. 1998).  "'[T]his court has repeatedly detailed
31   factors . . . to be considered before dismissal for failure
32   to comply with a court order,' and these factors
33   significantly cabin a district court's discretion under Rule
34   41(b), so that 'deference is due to the district court's
35   decision to dismiss a pro se litigant's complaint only when
36   the circumstances are sufficiently extreme.'"  LeSane v.
37   Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)
38   (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).
39
40        In assessing whether a case should be dismissed under
41   Rule 41(b), we consider five factors:
42
43             [1] the duration of the plaintiff's failures, [2]
44             whether plaintiff had received notice that further
```

2

delays would result in dismissal, [3] whether the
defendant is likely to be prejudiced by further
delay, [4] whether the district judge has taken
care to strike the balance between alleviating
court calendar congestion and protecting a party's
right to due process and a fair chance to be heard
. . . and [5] whether the judge has adequately
assessed the efficacy of lesser sanctions."

Id. (internal quotations and citations omitted).

The district court dismissed Cartagena's complaint on
January 11, 2005, following its December 1, 2004 order that
warned Cartagena that his failure to obtain new counsel or
to file a pro se appearance would result in the dismissal of
his case:

Plaintiff is hereby warned that **on or before
December 17, 2004,** plaintiff must have substitute
counsel file his or her appearance, or plaintiff is
to file a pro se appearance.  If plaintiff fails to
engage other counsel or file a pro se appearance by
**December 17, 2004**, the Court will grant Attorney
Bucci's Motion to Withdraw if it finds that "good
cause exists for permitting the withdrawal by
appearing counsel," which could ultimately result
in a dismissal of plaintiffs actions.

(emphasis in original).  The record indicates that Cartagena
first received the court's December 1 order on January 19,
2005, after the court's deadline and after his counsel
relieved and his case was dismissed.  This sequence of
events was made known to the court through a Rule 60(b)
reconsideration motion, which was subsequently denied.

The district court abused its discretion by dismissing
Cartagena's case.  However lackadaisical the plaintiff may
have previously been at prosecuting his claim, the court
failed to consider adequately (a) whether Cartagena
received, or was on actual or constructive notice of, the
mandates of its December 1 order; and (b) why (if Cartagena
was not on notice) dismissal was still warranted.  Due
process requires notice and opportunity; here there was
none.

3

1

2      For the foregoing reasons, the judgment of the district

3  court is hereby **VACATED** and the case **REMANDED** to the

4  district court.

5

6

7                        FOR THE COURT:

8                        ROSEANN B. MACKECHNIE, CLERK

9                        By:

10

11

12                        Lucille Carr, Deputy Clerk

13

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____

DEPUTY CLERK

4